## JOHN HENDRIX
## v.
## THE PEOPLE, etc.

1. BASTARDY—SETTLEMENT BY PARTIES.—It is competent for the parties to make a settlement and release that will bar a prosecution for bastardy, and if the release is not vitiated by fraud in its procurement, and the contract has been performed as agreed, such release is a bar to a prosecution.

2. FRAUD.—Fraud which will vitiate an instrument may consist of any artifice practiced upon a person to induce him to execute it when he did not intend to do such an act, but the fraud must be in obtaining the instrument itself and not in the consideration upon which it is based.

3. FALSE STATEMENTS.—In order to make false statements fraudulent, the party alleged to have been defrauded must have been ignorant of the truth, and must have relied upon the statements made.

APPEAL from the County Court of McLean county; the Hon. R. M. BENJAMIN, Judge, presiding. Opinion filed June 21, 1881.

Mr. B. D. LUCAS, for appellant; that a written contract cannot be changed by parol, cited Andrus v. Mann, 92 Ill. 40; Lane v. Sharpe, 3 Scam. 567.

The fraud that will vitiate an instrument must be in obtaining it: Gage v. Lewis, 68 Ill. 604; Dickinson v. Evans, 84 Ill. 454.

A misrepresentation of matter of law does not constitute fraud: Kerr on Fraud and Mistake, 90; Fish v. Cleland, 33 Ill. 239.

If a plaintiff relies upon fraud in procuring a contract, he should return the consideration received under it, before suit brought: Smith v. Brittenham, 98 Ill. 186; Buchanan v. Harney, 12 Ill. 336.

Mr. H. G. Reeves, for appellee, cited Ill. Cent. R. R. Co. v. Welch, 52 Ill. 186.

McCulloch, J. Appellant was arrested on a warrant issued by a justice of the peace, and gave recognizance to appear before the county court to answer the charge of bastardy preferred against him by one Ella Johnson. A trial was had in the county court, without any written pleadings; a verdict was rendered that appellant was the real father of the child of said Ella Johnson; a judgment was rendered against him in pursuance of the statute, and from the said judgment he appeals directly to this court.

On the trial in the county court the complainant testified very positively that appellant was the father of her child, which he as positively denied. Other witnesses testified to facts tending more or less forcibly to corroborate the complainant, which, if believed by the jury, would justify their verdict upon this issue. We are not therefore disposed to reverse their judgment for want of evidence on this point. But appellant interposed the further defense that the said Ella Johnson during her pregnancy executed and delivered to him a release as follows:

I, Ella D. Johnson, of McLean county, Illinois, for and in consideration of the sum of twenty-five dollars, to me in hand paid by John Hendrix, the receipt whereof is hereby acknowledged, and for the further consideration of one promissory note of this date, for the sum of twenty-five dollars, due three months after date, this day executed and delivered to me by the said John Hendrix, do hereby release the said John Hendrix from all claim or demand I have or might have against said Hendrix under and by virtue of the bastardy laws of this State, and do release and discharge the said John Hendrix from all liability upon account of the child with which I am now

pregnant. It is agreed that unless the said note is paid at maturity, this release shall be void and of no effect; and it is further understood that said John Hendrix does not by this settlement admit that he is legally liable under the bastardy laws of this State, or that he is the father of said child, but makes this settlement to avoid a lawsuit and the scandal consequent thereon.

Witness my hand and seal, this 14th day of April, A. D. 1879.

ELLA D. JOHNSON, [ L. S.]

The execution and delivery of this instrument were duly proved, as was also the payment of the money secured by the note therein mentioned. Before the trial commenced the complainant tendered into court the sum of fifty dollars received upon said contract, and then endeavored to avoid the effect of the release by showing it to have been obtained from her by fraud.

The evidence introduced on behalf of the prosecution tended to show that the brother of the complainant had undertaken to bring about an amicable adjustment between the parties by their marriage; that appellant had promised to marry the complainant in the month of September following, and in the meantime he was to pay fifty dollars towards her support and expenses if she would agree to institute no proceeding for bastardy.

Complainant testifies that with this understanding she went to Bloomington, and was taken to a lawyer's office by her brother, where she met appellant. The lawyer was writing a paper, and she said to him she wanted to know if anything she was then doing would be any bar to further proceedings, to which he replied it would not. On cross-examination the paper was read over to her by counsel, and she then testified she never signed any such paper to her knowledge. She did not understand it that way. Her brother corroborates her in regard to the inquiry she made of the lawyer and his reply thereto, and states that the lawyer then read something he did not understand, as he was not close enough.

Hendrix v. The People.

Phillips, the lawyer, denies that she asked him anything about the release being a bar to further proceedings, but says he told her he wanted her to understand it; to which she replied that she did not propose to sign it until she did understand it. That thereupon he read it over to her word for word, and the only objection she made to it was in regard to the clause whereby the said appellant does not admit himself to be the father of the child. Appellant also testified that the complainant said nothing to Phillips as to whether the release would be a bar to further proceedings. This appears to be all the evidence contained in the record upon this branch of the case.

The agreement for the future marriage of the parties is not mentioned in the instrument, nor is its consummation in any manner made a condition precedent to the taking effect of the release of appellant from liability to prosecution. The only condition to be performed by appellant was the payment of the note therein mentioned at its maturity.

The parties were competent to enter into the arrangement, and if the instrument is not vitiated by fraud in its procurement, and appellant has paid the said note as therein provided, the said instrument is a bar to this proceeding. Coleman v. Frum, 3 Scam. 378.

We are of the opinion the evidence wholly fails to prove fraud upon the part of appellant, or of the attorney who drew the release. It is very evident the complainant knew, or might have known, the contents of the paper.

She does not pretend that any trick or artifice was made use of, either by appellant or the attorney, to conceal from her the real contents of the paper, or to get her signature thereto while she was laboring under the belief that it was an instrument of a different nature. She does not deny that it was read over to her by the attorney, but when it was read to her on the trial she said simply that she did not understand it that way.

If she knew the contents of the paper, then no misrepresentation as to its legal effect would vitiate it. Kerr on Fraud and Mistakes, p. 90.

" Fraud which will vitiate an instrument, may consist of any artifice practiced upon a person to induce him to execute it

when he did not intend to execute such an act. It is any fraud whereby a person is induced by deceit to make a deed or other instrument. It must be borne in mind that the fraud or covin must relate to the obtaining of the instrument itself, and not to the consideration upon which it is based. It is not fraud which relates to the quality, quantity, value or character of the consideration that moves the contract, but it is such a trick or device as induces the giving of one character of instrument under the belief that it is another of a different character, such as giving a note or other agreement for one sum or thing, when it is for another sum or thing, or as giving a note under the belief that it is a receipt." Latham v. Smith, 45 Ill. 27.

The complainant does not testify that she was in any way misled as to the contents of the paper. All she can now say is that she did not then understand the paper as it now reads; that she asked Phillips if anything she was about to sign would bar further proceedings, to which he replied that it would not. If any deceit was practiced upon her, it had reference wholly to the legal effect of the instrument, and as she knew, or might easily have known, the contents thereof, the law will charge her with knowledge of its legal effect. The fault was her own, if she signed the instrument without knowing its contents, unless they were concealed or positively misrepresented by or in behalf of appellant. For these reasons we do not think the fraud sufficiently proved.

The first three instructions given on behalf of the prosecution are as follows:

"1st. The court instructs the jury for the People, that if they believe, from the evidence, that John A. Hendrix is the father of the child of the complaining witness, and that she did not make a settlement with the defendant, releasing this cause of action, which the People of the State of Illinois had against Hendrix, for the support and maintainance of said child as a bastard, then the jury will find against the defendant.

"2nd. The court further instructs the jury upon the question of settlement, that if they believe, from the evidence, that the complaining witness, Ella L. Johnson, was induced to

sign the paper offered in evidence by any false or untrue statements made by the defendant as to its purport and contents, and as to what would be its effect, then the paper is no bar to this suit, and the jury will disregard the same.

" 3d. The court instructs the jury that if they believe, from the evidence, that Ella D. Johnson, the mother of the bastard child, was induced to sign the paper offered in evidence through the representations that it merely covered her claim for the support and maintenance during the period of her confinement, and that it did not release any claim the people might have against the defendant for support and maintainance of said child, then said paper is no bar to the right of recovery in this case, and the jury will not consider the same."

The first of these instructions submits a question of law as well as of fact to the jury. If the instrument was executed by the complainant, if it was not procured by fraud, and if appellant performed its conditions, it was for the court to determine whether or not its legal effect was to release the cause of action in this case. The proper course would have been to submit to the jury the questions of fact above indicated, and then to instruct them as to what the legal effect of their finding would be.

The second instruction ignores some of the essential elements of fraud. In order to make false statements fraudulent, the party alleged to have been defrauded thereby must have been ignorant of the truth; he must have relied upon them and must have been governed in his conduct by them. As before remarked, false statements as to the legal effect of an instrument, unless made under peculiar circumstances of confidence and trust, are not fraudulent. This instruction was therefore erroneous in omitting to tell the jury that the complainant must have been ignorant of the true contents of the paper, and that she relied upon the false statements made by or in behalf of and with the knowledge of appellant, and also in telling the jury that the making of false statements as to the legal effect of the paper was a material matter for their consideration. Nor do we see any evidence that appellant made any statements to the complainant as to the contents of the release. The only

evidence tending to show any misrepresentation is the answer of Phillips to the inquiry of the complainant as to the legal effect of what she was about to do, and it is not shown that this statement, if made at all, was instigated by appellant or approved or acquiesced in by him.

For like reasons the third instruction is also erroneous. The complainant may have understood from previous negotiations that the settlement about to be effected differed in its terms from those now appearing from an inspection of the paper, and when read over to her she may have understood it to conform to the terms of settlement previously agreed to, yet if she signed the paper knowing its contents, although mistaken as to their legal effect there was no legal fraud committed upon her. Yet this instruction is so broad as to allow the jury to find the instrument to have been fraudulently obtained, although complainant may have been fully cognizant of its entire contents, if she was induced to sign it through representations that it did not mean what its language plainly imports although such representations, may have been made by some other person than appellant or any one acting in his behalf and by his authority. This instruction gave the jury a liberty to find for the prosecution unwarranted by the law.

Other questions arising upon this record have been discussed but we think they are all sufficiently covered by what is now said. The judgment of the county court will be reversed and the cause remanded.

Reversed and remanded.