STATE OF NEBRASKA, EX REL. GEORGE PETERS, V. JOHN D. McBRIDE.

FILED APRIL 23, 1902. No. 12,604.

Commissioner's opinion, Department No. 3.

Bastardy: COMPROMISE. The complainant has no authority to compromise a judgment rendered in bastardy proceedings.

ERROR from the district court for Cass county. Tried below before JESSEN, J. *Affirmed.*

*Matthew Gering,* for plaintiff in error.

*A. J. Graves* and *C. S. Polk, contra.*

ALBERT, C.

In 1897 George Peters was the defendant in bastardy proceedings pending in the district court of Cass county, wherein he was charged with being the father of the illegitimate child of one Minnie Killian. On a plea of guilty, it was adjudged that he stand charged with the support of the child in the sum of $1,300, to be paid in instalments covering a period of twelve years. The bond was fixed at $2,500. From such judgment he prosecuted error to this court, where the judgment was affirmed, November 20, 1901. *Peters v. Killian,* 63 Nebr., 57. A mandate issued, and judgment was rendered thereon in the district court on the 7th day of January, 1902. A capias issued, directing the sheriff to arrest the said Peters and confine him in jail until he should comply with the judgment for the maintenance of the child. Under this writ, Peters was arrested by John D. McBride, sheriff of said county, on the 25th day of February, 1902. On the 3d day of March, thereafter, he entered into a bond in favor of the commissioners of Cass county in the sum of $2,000, conditioned to hold said county harmless, which was approved by the clerk of the district court, and paid the costs of the proceedings. On the following day he demanded his release,

which was refused; whereupon he made application to the district court for a writ of habeas corpus. In addition to the giving of the bond and the payment of the costs, it is alleged in the application that during the pendency of the proceedings in error, hereinbefore mentioned, the said Minnie Killian, in consideration of $275, to her paid by him, the relator, and his agreement to pay her attorney fees in the sum of $100, had released and discharged the said judgment of record. The sheriff made return, the issues were made up and a trial had to the court. The writ was denied, and the relator brings error.

The question that meets us at the threshold is whether the complainant in bastardy proceedings has authority to release a judgment rendered therein. In *Peters v. Killian,* 63 Nebr., 57, it was held that a settlement between the parents of an illegitimate child, in order to be operative as a stay or termination of bastardy proceedings, must be of such nature, and made and attested in such manner, as the act prescribed. Our statute regulating proceedings of this character is borrowed from the state of Ohio. The supreme court of that state, in *Perkins v. Mobley,* 4 Ohio St., 669, in which the statute in question was before the court for construction, says: "At one point in the proceeding a settlement may be made. If, when the accused is brought before the justice, he pays or secures to be paid to the complainant, such sum of money or property as she may agree to receive in full satisfaction, and shall further give bond, that the child shall not become a township charge upon any township in this state, the justice is authorized to discharge him from custody on his paying the costs. But to prevent all imposition, the agreement must be made or acknowledged by both parties, in the presence of the justice, who is required to make a memorandum thereof upon his docket. No power whatever is given to the complainant to impair the public security in this settlement. It can not be made until the accused has given security that the public shall not be burdened with the support of the child. If such security is not given, he

must be bound over; and when recognized, no further power is given to settle or compromise the controversy. If found guilty, he shall be adjudged the reputed father of the child, and shall stand charged with the maintenance thereof, in such sum or sums as the court shall order and direct, with payment of costs of prosecution; for which he must give security, or go into custody. It will be observed that no authority is given to take indemnity by bond to secure the public against the support of the child, after the prosecution leaves the justice. The only indemnity afforded after that time is the sums awarded to be paid, and the stringent modes provided for their enforcement. To allow the complainant to intervene and prevent the recovery, would be to surrender all protection for the public and to defeat the leading object of the whole statute. We are therefore of opinion, that she has no such interest in the money, required to be awarded against the reputed father, as to enable her to release his liability before a recovery, or to discharge him from the sum awarded, after the order is made; that the statute definitely appropriates the money to the support of the child, and that it can not be diverted from that purpose. It is ordinarily, and very properly, ordered to be paid over to the mother, as she continues burdened with the custody and support of the child; but even this is within the sound discretion of the court, which should be exercised with a view to the best interests of the child, and the consequent protection of the public from being made chargeable with its support." That decision was rendered before the adoption of the statute by this state. It is a settled rule, that in the adoption of the statute of a sister state the state adopting it adopts the construction which the former has placed upon it.[*] Even though we should ignore this rule, the reasoning employed in the case just cited meets our entire approval. The release relied on in this case, if it be a release, was executed by the complaining witness. On the authority of

[*]See note at head of Digest of Cases Overruled, page —. —RE-PORTER.

the case just cited, she had no authority to execute it. It is a mere nullity, and the court properly ignored it. The bond given, and approved by the clerk of the district court, was not a bond for the payment of the judgment, but to hold the county harmless. There is no provision of the statute for such a bond after the case has proceeded to judgment. Being unauthorized, the clerk's approval of such bond was an idle ceremony. The relator has not complied with the judgment of the district court. His attempts to avoid it have been abortive. It follows that he is not entitled to a discharge.

It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.