STATE, EX REL. SOPHIA RENGSTORF, APPELLEE, v. GEORGE R. WEBER, APPELLANT.

FILED JANUARY 5, 1918.   No. 19155.

Bastardy: SETTLEMENT: EFFECT. The mother of an illegitimate child may, by a fair contract of settlement providing for the support of said child, executed before any complaint is filed in court, exclude herself from instituting bastardy proceedings against the putative father who performs the contract on his part.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE.   Reversed.

Arthur F. Mullen and Frank, L. Dinsmore, for appellant.

Bigelow & Schrempp and Hugh LaMaster, contra.

PARRIOTT, C.

The plaintiff filed her complaint in Douglas county' charging the defendant with being the father of her bastard child. The case was tried to a jury, which found the defendant guilty. The court entered an order requiring the defendant to pay the sum of $100 a year for a period of 15 years for the support of the child. Defendant appeals.

The defendant, at the time of the trial in the district court, introduced a written contract entered into between himself and the plaintiff prior to the time of his arrest, which is as follows:

"Signed in Duplicate.

"This agreement made and entered into by and between Sophia Rengstorf and George Weber, to wit: Whereas the said Sophia Rengstorf believes she is now pregnant with a child, and when born will be a bastard and that George Weber, she believes, is the father of said child, in consideration of the alleged state of facts, the said George Weber hereby agrees to pay the said Sophia Rengstorf, in full of all claims or demands of whatsoever kind she may have, the following amounts to wit: Twenty-five dollars cash, twenty-five dollars in thirty days, one hundred dollars at the birth of the child and eight dollars per month for the period of three years, payable on the 1st day of each and every month during said time.

"In witness whereof, we have hereunto set our hands this —— day of June, A. D. 1914.

"George Weber
"Sophia Rengstorf."

The defendant relies for reversal upon several assignments of error, all of which depend upon the one question: Can the parents of an illegitimate child enter into a valid contract for the support of said child, and is such a contract a bar against bastardy proceedings under our statute by a party to such contract? The plaintiff cites the cases of *Peters v. Killian,* 63 Neb. 57, and *State v. McBride,* 64 Neb. 547, in support of the contention that the contract between the parties is illegal. In these cases this court did not pass upon the exact question presented in the case at bar. In the case of *Peters v. Killian, supra,* the court held:

"Proceedings in bastardy are purely statutory, and the courts can try such issues and make such orders

State, ex rel. Rengstorf, v. Weber.

in them as the statute contemplates, and none other. A settlement between the parents of an illegitimate child, in order to be operative as a stay or termination of such proceedings, must be of such nature and made and attested in such manner as the act prescribes, and the district court can take judicial cognizance of none other. In that proceeding the court cannot try the issue whether the father or the mother of the child is the more suitable person to be entrusted with its custody ."

The above case is distinguishable from the case at bar in the following particulars: In that case the defendant admitted the paternity of the child. The alleged agreement was only verbal, no part of which had been performed. The consideration alleged was so manifestly inadequate that it could not be considered a reasonable settlement, and in addition to these facts the issue as to the custody of the child was involved, all of which gave rise to the announcement of the rule of the case as above quoted.

The case of *State v. McBride, supra,* is not in point, for the reason that the parties therein attempted to make a settlement after the cause had been tried and a judgment rendered, which facts prompted the court to announce the following rule: "The complainant has no authority to compromise a judgment rendered in bastardy proceedings."

It seems to be a universal rule that the parties to a bastardy proceeding cannot compromise without the approval of the court after the court has once acquired jurisdiction in the matter. The reason for this rule is obvious. The court having acquired jurisdiction, and especially after judgment as in the above case, if the parties were permitted to compromise the judgment, the matter would stand adjudicated, and the defendant could never again be called upon to answer in court, however small the payment he might have made to perfect the settlement; but, in a case of settlement

out of court, defendant is not relieved of further liability unless the settlement is a fair and reasonable one.

In the case of *Griffin v. Chriswisser*, 84 Neb. 196, the court recognized a settlement in a bastardy case, and held that such a settlement was a sufficient consideration for a promissory note. It was said in the opinion: "The plaintiff had a right to make an agreement not to prosecute defendant's son under the bastardy act, and to accept in consideration for said promise a reasonable sum for the expenses of her lying-in, and for the maintenance, care and nurture of her illegitimate child."

So, it will be seen by the above decisions that this court is not committed to the rule contended for by the plaintiff and followed by the trial court.

The rule announced in 5 Cyc. 647, is as follows:

"A fair settlement by the mother with the alleged father, founded upon a sufficient consideration, precludes her from subsequently maintaining a proceeding against him." *Coleman v. Frum*, 3 Scam. (Ill.) 378; *Hendrix v. People*, 9 Ill. App. 42.

It is conceded that the parties in the case at bar were of full legal age and competent. The contract was not obtained by fraud. The defendant had complied therewith by making certain payments thereon.

In 7 C. J. 969, the following rule is laid down: "Except when forbidden by statute, the mother of an illegitimate child may, by a fair settlement with the putative father, on a reasonable consideration, preclude herself * * * from the right to maintain a bastardy proceeding."

Our statute cannot be construed as forbidding such settlements. On the contrary, it was evidently the intention of the legislature to encourage them. The primary object of the statute is to induce the father of the illegitimate child to make settlement which will insure the support of the child, and in section 357,

Rev. St. 1913, the mother of the child is designated as the one to be satisfied with the agreement.

It would be against public policy and a dangerous rule to announce that settlements made out of court are without merit and legal effect. Until the father of an illegitimate child is known, the mother is liable for its support. When the law makes the mother primarily responsible for its support, why should she be deprived of the right to contract with its father if an opportunity is given her to obtain a good settlement? While the statute provides for a settlement after the court has acquired jurisdiction and before judgment, it is silent as to settlements made between the parties before the arrest. As the proceedings are civil, no reason can be shown why a compromise of settlement should not be made therein the same as in all other civil cases, and such a contract, when made, is not in violation of public policy or against sound morals, as a bastardy proceeding is not a bar against criminal prosecution. *State v. Veres*, 75 Ohio St. 138. Where the parents of an illegitimate child are of full legal age and competent, it is their legal right to enter into a contract of settlement in which they provide for the support of said child. By such a contract the mother excludes herself from instituting bastardy proceedings against the putative father, unless such contract is set aside for good cause in an action brought for that purpose in the proper court.

It has been suggested that the county authorities have an interest that cannot be barred by contract. Section 358, Rev. St. 1913, provides that the county board may institute proceedings against the father of the bastard child if the mother fails or refuses to do so, but this is upon the theory that said child might become a public charge; but, where the support of the child has been provided for by contract, it would not be necessary for the county to enforce this section. No contract between the parents would exclude the

public authorities from instituting proceedings for the child's support if it became a public charge, but such action would not accrue if the child's support were otherwise provided for. For that reason, it is not necessary to discuss further this phase of the question in connection with this case.

For the above reasons, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings, and this opinion is adopted by and made the opinion of the court.

REVERSED.