RUBIE P. BEATTIE *v.* W. CRAIG TRAYNOR, ADMR. EST. OF
CLARENCE A. SMITH.

February Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 1, 1945.

*Clifton L. Drew* and *Lee E. Emerson* for the plaintiff.

*Witters & Longmoore* for the defendant.

JEFFORDS, J. This is an appeal from the disallowance by commissioners of a claim against the estate of the late Clarence A. Smith. The subject matter of the appeal is an alleged contract for the support and care of an illegitimate child. It appears from the allegations in the plaintiff's declaration that she, a single woman, is the mother of the boy and that the decedent was his father. It is alleged that some months after the birth of the child the plaintiff advised Smith that unless he made provision for its support she would institute bastardy proceedings against him for the future support of the child. It is also alleged that Smith, in order to induce the plaintiff to forego instituting such proceedings and to induce her to keep the child at a place readily available to him, promised and agreed that if the plaintiff would forego the bringing of the suit and would go and live with the child at the home of a friend of Smith's and would stay there and allow Smith to see the child, he (Smith) would pay the plaintiff a certain sum each year for the care and support of the child and a further additional yearly sum for the use and benefit of the child in its training and education; these payments to continue during the minority of the child or for so long as either the child or Smith should live. It is then alleged that the plaintiff relying on these promises of payments, and in consideration thereof, did forego the bastardy suit and did fulfill the other conditions imposed by Smith but that Smith has never paid anything under his agreement so that a certain amount is due the plaintiff.

An answer was filed in the county court in which various pleas were set forth. The plaintiff joined issue on some of the pleas and demurred to others. A hearing was had on the case made by the pleadings. The court overruled the demurrer, adjudged the pleas demurred to sufficient and dismissed the appeal. The case is here on the plaintiff's exceptions to these rulings.

The third and fifth pleas which were demurred to are set forth in substance in the defendant's brief as follows:

> "3. That at all times material to the issue the defendant was a married man, which the plaintiff knew; that sexual intercourse between them made each guilty of adultery by virtue of Public Laws, Sec. 8601; that the alleged promise and agreement related

to the consequences of an illegal and criminal act, and were founded upon an illegal consideration and void.

"5. That at all times material to the issue the decedent was a married man, which the plaintiff knew; that if a child was born as a result of intercourse between them, the decedent would be under no obligation to support such illegitimate child, and the alleged promises to support said child, if made, were without legal consideration."

P. L. sec. 3174, as far as here material reads as follows:

"When a single woman is delivered of a bastard child, or declares herself to be with child, which, if born alive, will be a bastard, and charges a person in writing, under oath, before a justice or municipal judge of the county in which she resides, with having begotten such child, such magistrate shall . . . ."

The answers to the questions here presented depend largely, if not entirely, on the construction to be given to the above section. The defendant claims that under it an action could not have been maintained against the decedent during his life time as he was a married man. The plaintiff contends that under this statute a bastardy action can be had against a married man as well as against one who is not married.

No cases have been cited, nor have we found any, directly construing this statute, or similar statutes in other states, on this point. It is clear to us, however, that the Legislature intended to make married as well as single men liable for the support of their illegitimate children. If the intent were otherwise it is reasonable to expect that it would have been manifested in clear and unmistakable language. There is no reason to believe it was intended that married men might beget illegitimate children with immunity from civil prosecution for their support.

The object of a proceeding under this statute is to procure an order of filiation on the putative father, and thus compel him to aid the mother in the support of the child. *Sweet* v. *Sherman,* 21 Vt 23, 30; *Gaffery* v. *Austin,* 8 Vt 70, 72. Its purpose is to secure the support and education of the child and to protect society by preventing such child from becoming a public charge. 7 Am Jur

p. 680, sec. 80. The mere statements of the object and purpose of this statute should afford sufficient reasons for holding that the Legislature intended that all putative fathers should be subject to its provisions. That the bar of this state have for many years so interpreted the statute is well known to all of the members of this Court. This interpretation is evidenced in *Smith* v. *Pinney,* 32 Vt 282, decided in 1859, and in *Lohsen* v. *Lawson,* 106 Vt 481, 174 A 861, 95 ALR 309, decided in 1934. In those cases the defendants were married men but the point here under discussion was not touched upon in either of the cases.

It should also be noted that in states which had statutes providing that "any woman" might bring a bastardy action, the quoted words have been construed to include a married woman. See Ann. 14 ALR at p. 974.

██ A prosecution under the statute, although in form criminal, is in fact a civil remedy. *Gaffery* v. *Austin, supra; Coomes* v. *Knapp,* 11 Vt 543, 546. It follows that a complainant has the right to compromise or settle the suit after it has been brought and that the compromise affords a legal consideration for the promises based on it. *Haven* v. *Hobbs,* 1 Vt 238, 18 Am Dec 678; *Holcomb* v. *Stimson,* 8 Vt 141; *Smith* v. *Pinney,* 32 Vt 282; *Jangraw* v. *Perkins,* 77 Vt 375, 60 A 385, 2 Ann Cas 492. As far as it appears, all of the defendants in those cases were single men; however, for the reasons herein appearing, that fact does not prevent the law as therein stated from applying in the case at hand.

█ This cause of action being civil in nature, no reason can be shown why it may not be settled or compromised before proceedings are instituted in the same way and with the same right as in any civil case. *State* v. *Weber,* 102 Neb 103, 166 NW 120, LRA 1918 F, 1113, 1115. We have no statutory provision which requires the mother of an illegitimate child to bring proceedings against the putative father. Certainly public policy does not require the bringing of suit before settlement can be made. *Burgen* v. *Straughan,* 7 J. J. Marsh, Ky, 583.

█ In the present case there is ample consideration alleged to support the alleged promises of the decedent. Forbearance to sue is a valid consideration. *Ballard* v. *Burton,* 64 Vt 387, 391, 24 A 769, 16 LRA 664; *Bellows* v. *Sowles,* 55 Vt 391, 398, 45 Am Rep 621; *Hakes* v. *Hotchkiss,* 23 Vt 231, 235; *Barlow* v. *Smith,* 4 Vt

139, 144. In addition there are the other obligations which it is alleged the plaintiff carried out in return for the promises to pay.

The defendant in effect concedes that if this were a case of a single woman and an unmarried man, the agreement, if made as alleged, would have been valid and binding under our cases. His position as to illegality of the contract is based on the fact that under our law fornication, except in instances not here material, is not a crime, while adultery is. He says that the consideration for the alleged agreement is so connected with or founded on a criminal and illegal act that a court will not enforce the agreement. Our construction of the statute largely disposes of this contention as it was within the province of the Legislature to relieve mothers of illegitimate children from the operation of the rule stated by the defendant and to give to them a right of action against a putative father who is a married man. *Yearteau* v. *Bacon's Est.*, 65 Vt 516, 527, 528, 27 A 198. It follows that the law stated in cases having to do with single persons applies equally in those of a single woman and a married man. But, as we have heretofore indicated, the consideration for the alleged agreement was not the act of adultery nor any promise of that act. Thus the cases cited by the defendant relating to considerations of that kind are not in point. Neither is the alleged agreement one of compounding a crime as in the case of *Smith* v. *Pinney, supra.* In the present alleged agreement the plaintiff did not promise that she would make no complaint to the authorities if Smith would pay her. She was left as free after the agreement as before to bring the case to the attention of the state officials.

The purpose of the alleged contract is salutary, not illegal. The agreement provides for the support and education of the innocent child and insures that child against becoming a public charge. While it is true that in some measure it is connected with an illegal act, yet it is collateral to and independent of that act and is not illegal and void but valid and enforceable. *Jennings* v. *Gallagher,* 103 Vt 169, 175, 152 A 802.

In Tiffany, Persons and Domestic Relations, 2nd ed. at page 249, it is stated that "An agreement by a man to pay for the maintenance of children which may result from future illicit cohabitation is void, because of its immoral tendency. But such an agreement as to children already born, or as to a child *en ventre sa*

*mere,* is valid, the illegal intercourse in such case being past." In the Restatement of the Law of Contracts, Vol. 2, sec. 548, sub. sec. 2, it is said that "Where an act is a crime and also creates a claim for damages, a bargain for the settlement of that claim is not illegal whether or not prosecution for the crime has begun."

The defendant's sixth plea which was demurred to merely states that the plaintiff's sole remedy is under chapter 141 of the Public Laws. The basis of the claim here is the alleged contract. This plea tendered no issue nor traversed any allegation of fact alleged in the declaration, consequently it is insufficient as a plea and demurrable. *Marvin* v. *Wilkins,* 1 Aik. 107.

In closing it should be noted that no question is here involved of the rights of a mother of an illegitimate child to settle or compromise the claim or suit in a case in which a town through its overseer of the poor has become interested. See P. L. sec. 3189 et seq.

*The judgment overruling the plaintiff's demurrer and dismissing the appeal is reversed and cause remanded.*