■ In the Matter of the Arbitration Between WILLIAM J. MURPHY, JR., as Administrator of the Estate of WILLIAM J. MURPHY, SR., Deceased, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— MEMORANDUM BY THE COURT. Appeal from so much of an order of the Supreme Court at Special Term as granted respondent's motion to stay arbitration pending trial by jury of the question whether claimant's intestate was an "innocent victim" of an accident involving an unidentified motor vehicle, within the meaning of section 600 of the Insurance Law. It has now been authoritatively determined that by "innocent" is meant "without fault", in the sense of negligence proximately causing the injury, and hence that a finding thereon is to be made by the arbitrator and not by a court as a condition precedent to arbitration. (*Matter of Nagle [MVAIC]*, 22 N Y 2d 165.) Order, insofar as appealed from, modified, on the law, in accordance herewith, and, as so modified, affirmed, and motion for preliminary trial of question of "innocent victim" status denied, with costs to appellant. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.

## (June 10, 1968)

■ ALBERT C. MORAN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 44272.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims in a highway appropriation case, which was previously remitted by us for appropriate findings (see 29 A D 2d 705, in which the essential facts appear) in accordance with which a supplemental decision of the Court of Claims has been filed. The State now questions the award only as it proceeded on the basis of full frontage value for the property taken, rather than the acreage valuation to which the State's expert testified; the result of which would be to reduce the award by $425. The evidence warranted, first, the adoption of frontage values and, second, the finding that cuts, fills and changes in grade "effectively converted [the major portion of the frontage] into agricultural land with extremely limited or questionable potential for development"; as the trial court's supplemental decision now makes clear. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of M. CARDINAL *, Respondent, v. J. GREEN *, Appellant. — MEMORANDUM BY THE COURT. Appeal from an order of filiation of the Family Court, Chenango County, declaring the appellant to be the father of a certain male child born to respondent. Appellant asserts that the Family Court improperly relied on a blood test in finding appellant was the father in derogation of section 532 of the Family Court Act (*People ex rel. Sheridan* v. *Curl*, 275 App. Div. 966). This seems to us the purport of the decision in which was said, "I am satisfied from the evidence in this matter and from the results of the blood test that the respondent * * * is the father of the child". Further, there was no adequate decision, with findings sufficient to permit proper review. (See *Matter of Gray* v. *Rose*, 30 A D 2d 138.) Order reversed, on the law and the facts, and case remitted to the Family Court, Chenango County, for further proceedings not inconsistent herewith, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by the court.