■ MICHELE PARISI, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 54796.) — Appeal from a judgment of the Court of Claims, entered December 3, 1973, which awarded claimant the sum of $34,950, together with appropriate interest, for the appropriation of real property. The claimant was the owner of approximately 31 acres of land located in the Town of Fishkill, Dutchess County, when the State appropriated the same on October 15, 1970. The property was described by claimant's appraiser as rolling land rising from Route 9-D, easterly, as being rather steep with level spots and heavily wooded. It was located about five miles south of Interstate Route 84 and afforded a scenic view of the Hudson River. The property had 1,036 feet of frontage on Route 9-D and was subjected to two different zones, the first zone which consisted of the frontage back to about 800 feet from 9-D and including about 17 acres being zoned RD-20 which permitted multifamily housing of 10 units to an acre, and the remaining portion being zoned RD-4A which permitted multifamily housing of one unit per acre or, alternatively, one single-family home per four acres. The claimant's appraiser testified that the highest and best use of the property was multifamily housing as zoned and the court found that such was the highest and best use of the premises. The State's appraiser had valued the premises as being suitable for a highest and best use for recreational purposes with incidental residential use. It is thus apparent that on an over-all basis there was no range of value which would have permitted reliance upon the opinion of the State's appraiser. (See *Nature Conservancy* v. *State of New York,* 41 A D 2d 782.) Nevertheless, the trial court has found a before value which is about $92,000 less than that testified to by the claimant's appraiser. Specifically, the claimant's appraiser found a before value of $4,000 per acre and the court has found a value of $1,100 per acre. The issue is whether or not the record sustains the value of $1,100 per acre as found by the trial court in the absence of opinion evidence by the State based upon the highest and best use adopted by the claimant's appraiser and found by the court. In justification of its reduction of the value testified to by the claimant's appraiser, the court stated that it relied upon the claimant's Sale No. 603 and the State's Sale No. 246. (The court specified State's Sale No. 249, however, there was no such Sale No. 249 and analysis of the record indicates that the court meant to say No. 246.) The claimant's Sale No. 603 contains some 78 acres; was located in the neighboring Town of Wappinger; had about 40 acres available for multifamily housing units; had some marshy areas and was gently rolling; had frontage on two roads; and the sale occurred approximately one year prior to the appropriation herein. The selling price of Sale No. 603 was $2,500 per acre to which the claimant's appraiser added an upward adjustment of $300 for time and $1,200 for topography, giving a total comparable value of $4,000 per acre. Without giving any specific values for the same, the court found that the sale had greater development potential than the subject; that it had a superior location; that its topography was much better than the subject property; and that the adjustment of some 12% upward for time was without support although some upward adjustment was appropriate. The record contains a description of the subject property as being a rugged hillside with steep grades and also a statement by the State's appraiser to the effect that sale No. 603 was far superior to the subject premises as to its terrain or topography. Upon the present record, the court would have been justified in refusing to allow any upward adjustment of the same for topography

and, indeed, in applying the amount allowed by claimant's appraiser as a minus to the comparable sale. As noted hereinabove the court relied upon the State's Sale No. 246. That particular sale was of a parcel of land consisting of approximately 55 acres and located one-half mile from the subject premises. The average price per acre of the sale was $958 on December 2, 1965, and the premises were subjected to zoning comparable to that of the subject premises. The State's appraiser determined that Sale No. 246 had superior topography and, accordingly, deducted the sum of $400 per acre; superior location for a reduction of $100 per acre; but added the sum of $250 for the passage of time (five years) and the sum of $25 for size on a per-acre basis. The court found that a further adjustment should be made to Sale No. 246 to compensate for the passage of time. It should be noted that it appears the trial court has adjusted upward the sale some $519 per acre for time, or nearly 100% for the five-year period. Upon the present record, the upward adjustment is not speculative. Although the court has not set forth the specific dollar values for its adjustments, the record is sufficient to sustain the value of $1,100 per acre as being the fair market value and the court's explanation of the manner in which it arrived at such value is adequate for review in this particular case. (Cf. *Darrow* v. *State of New York*, 44 A D 2d 625; *Roffle* v. *State of New York*, 40 A D 2d 575.) It must be noted that the claimant failed to introduce probative evidence which would sustain the conclusion that this mountainside land was particularly desirable for multifamily housing development as opposed to the obvious difficulties in developing such terrain for such purposes. In sum, the market data submitted by the claimant's appraiser was subjected to inordinate upward adjustments by such appraiser and upon such market data it is readily apparent that the value of $1,100 per acre represents the extreme upward limits of whatever sale probabilities might exist for the subject premises. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.