■ FRANCES POPNER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52293.)—Appeal from a judgment in favor of claimant, entered August 8, 1973, upon a decision of the Court of Claims. Claimant was the owner of a rectangular parcel of land located in the Town of Smithtown, Suffolk County, which possessed a frontage of 163.36 feet on the north side of Middle County Road (also known as the Jericho Turnpike). The property extended north some 1,245 feet to the south side of the Nesconset-Port Jefferson Highway where it had a frontage of 7.81 feet, and its westerly boundary consisted of a dedicated paper street with a width of 20 feet known as Oak Street.* The State appropriated the entire 4.716-acre parcel pursuant to section 30 of the Highway Law and the Court of Claims has awarded claimant $309,700 for the taking, together with appropriate interest, based upon a unit price of $1,900 per front foot along the Jericho Turnpike. At trial, the expert witnesses for the claimant and the State generally agreed that the highest and best use of the property was for commercial purposes, albeit claimant's appraiser testified to a series of specific uses, whereas the State's appraiser concluded that the subject property could only be used in an assemblage of other lands for ultimate commercial purposes. Claimant's appraiser valued the entire property at $475,000 after applying the so-called "4-3-2-1 Rule" which assigns different values to different portions of the property, while the State's appraiser adjusted other comparable sales to arrive at an over-all value of $268,950 based upon a unit price of $1,650 per front foot for the 163 feet along Jericho Turnpike. On this appeal by the claimant, it is contended that the Court of Claims erred in (1) failing to assign reasons for certain adjustments used in arriving at the award made, (2) failing to allocate to claimant the value of one half of the bed of Oak Street, and (3) valuing the entire property on a front-foot rather than a square-foot basis. We find no merit in any of these arguments. The court found that at the time of the appropria-tion the highest and best use of the property was for commercial develop-

---

* Smithtown ordinances require a minimum 50-foot width for public roads.

ment, but properly rejected claimant's method of valuation as inappropriate. It did, however, partially base its findings in reliance on a recent comparable sale, some 61 feet east of the subject property, which was used by both parties. The court adequately explained the adjustments and all the other factors it took into consideration in arriving at its award, stating that it had given "prime consideration" to this nearby comparable. Since both the subject property and this comparable parcel were close to a major regional shopping center known as Smith Haven Mall, the adjustments were well founded and fully supported by expert and independent evidence (*Latham Holding Co. v State of New York*, 16 NY2d 41; *Parisi v State of New York*, 47 AD2d 781). As to claimant's contention that she should be compensated for a portion of Oak Street, we conclude that her position in this regard is purely speculative and without any support in the record to justify an award. Finally, the front-footage-unit method of valuation used in this case was clearly proper and the adjustments made and used by the court were sufficiently explained for appellate review in accordance with established principles (*Latham Holding Co. v State of New York, supra; Moran v State of New York*, 30 AD2d 711; *A. E. Ottaviano, Inc. v State of New York*, 26 AD2d 844). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.