In the Matter of VICKI B., Respondent, v DAVID H., Appellant.—In a proceeding pursuant to article 5 of the Family Court Act, the appeal is from an order of the Family Court, Richmond County, dated April 11, 1979, which, after a hearing, adjudged appellant to be the father of petitioner's child. Permission for the taking of this appeal is hereby granted. Order reversed, on the law, without costs or disbursements, and matter remitted to the Family Court for a de novo hearing and determination. In this case the infant alleged to be the child of the appellant was born on December 14, 1971. This paternity proceeding was commenced on July 13, 1978. In order to avoid the bar of the two-year Statute of Limitations, petitioner was required to prove that the appellant either acknowledged paternity in writing or furnished support to the child (see Family Ct Act, § 517, subd [a]). The petitioner testified that appellant gave her $20 per week in cash from February, 1974 to October, 1975. Where a petitioner relies upon payments of support in order to avoid the two-year Statute of Limitations, the evidence must establish clearly and definitely, without doubt or equivocation, that payments of money by the putative father were provided for the purpose of sustenance of the child. To remove the bar of the statute, the support must be furnished under circumstances warranting a clear inference that the putative father recognizes the child as his own and indicates his willingness to assume his statutory duty of support (Matter of Wong v Beckford, 28 AD2d 137, 138; Matter of Shirley D v Ricardo B, 54 AD2d 564, 565). The only evidence in the case at bar concerning the purpose of the monetary payments was elicited by leading questions such as, "Did he give you anything for the baby?", to which petitioner answered "Yes". Appellant's timely objection was improperly overruled. The record is silent on the crucial question of the circumstances surrounding these payments and their purpose. A man's gifts of money or items of personal property will not in and of themselves, be construed as an acknowledgment of paternity (see Matter of Wong v Beckford, supra, p 138). Accordingly, a new trial is required. Moreover, the opinion of the Family Court specifically notes that the results of a blood grouping test which did not exclude paternity were considered in reaching its determination. This was error (see Family Ct Act, § 532; Matter of Cardinal v Green, 30 AD2d 711). Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.