■ In the Matter of VICKI B., Respondent, v DAVID H., Appellant. — In a paternity proceeding, the appeal is from an order of the Family Court, Richmond County (Leddy, J.), dated April 8, 1981, which, *inter alia,* adjudicated appellant to be the father of petitioner's child. Order reversed, on the law, without costs, or disbursements, and petition dismissed. The infant adjudicated to be the child of the appellant was born on December 14, 1971. This paternity proceeding was commenced on July 13, 1978. On a prior appeal from an order adjudicating appellant to be the father, this court reversed the order and remitted the matter to the Family Court for a *de novo* hearing to determine whether the evidence established clearly and definitely, without doubt or equivocation, that the alleged cash payments of $20 per week from February, 1974 to October, 1975, by the putative father to the mother, were provided for the purpose of sustenance of the child and, thus, could be construed as an acknowledgment of paternity. An acknowledgment would serve to remove the bar of the two-year Statute of Limitations (*Matter of Vicki B. v David H.,* 73 AD2d 645). Upon the evidence adduced at the second fact-finding hearing, and based upon its assessment of the credibility of the witnesses, the Family Court found, *inter alia,* that petitioner had proved by clear and convincing evidence that appellant had acknowledged paternity by furnishing support for the child by making at least 39 separate payments of moneys totaling in excess of $1,000, between February of 1974 and October of 1975. Accordingly, the court adjudicated appellant to be the father of petitioner's child. On this appeal appellant does not contest the court's finding that the aforesaid payments constitute an acknowledgment of paternity. Appellant now asserts that the proceeding was still barred by the Statute of Limitations on the ground the support payments were not made within two years after the child's birth and, therefore, cannot serve to toll the limitation period. We disagree. Subdivision (a) of section 517 of the Family Court Act, which

establishes the statutory period for commencement of a proceeding by a private individual to determine paternity, provides: "Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support, or unless the mother is under the age of eighteen years, in which case the time limitation is extended until two years after the mother reaches the age of eighteen years." The wording of the foregoing statute is devoid of any requirement that an acknowledgment of paternity, whether in writing or by furnishing support, must be made within two years of the birth of the child. Some authorities have reached the conclusion that an acknowledgment of paternity made more than two years after the birth of the child is effective to remove the bar of the Statute of Limitations by employing the concept of "tolling" the statute (see, e.g., *Matter of Dolores D. v Mario N.D.,* 69 Misc 2d 689; *Matter of Ethel B. v Charles W.,* 66 Misc 2d 337; 1 Schatkin, Disputed Paternity Proceedings [4th ed, rev], § 13.06). The utilization of the concept of a "toll" of the statute is, however, technically inappropriate because a toll is simply an interruption of the running of the period of limitation. To constitute a toll, the statutorily prescribed event or circumstance must occur during the period of limitation. The statute then ceases to run for a specific period of time after the event or circumstance comes into being or for the period of time in which it remains extant. Thereafter the remaining portion of the period of limitation commences to run. An acknowledgment of paternity after the Statute of Limitations has expired cannot constitute a toll because it cannot serve to interrupt the running of the statute. In our opinion the acknowledgment of paternity by furnishing support after the Statute of Limitations has run must be construed to have the same effect as the part payment of a debt under similar circumstances has at common law. Such a payment is considered an acknowledgment of the debt and, from it, a new promise to pay the balance of the debt is implied, thereby starting the running of the Statute of Limitations anew (see *Brooklyn Bank v Barnaby,* 197 NY 210; *Matter of Fitch,* 270 App Div 227, 236; 2 Carmody-Wait 2d, NY Prac, § 13:275; 51 Am Jur 2d, Limitation of Actions, § 363; Ann., 36 ALR 346, 361; Ann., 156 ALR 1082, 1089; 54 CJS, Limitation of Actions, §§ 333, 334; but see contra *Matter of Antoinette K. v Kenneth L.,* 103 Misc 2d 1011). Accordingly, the mother's failure to commence this proceeding within two years of the last alleged payment for support of the child rendered her claim subject to the bar of the Statute of Limitations (see Ann., 59 ALR3d 685, § 15, p 744). Such a rule is in accord with the purpose of the Statute of Limitations as a means by which stale claims may be put to rest and defendants may be relieved of the obligation to investigate and prepare a defense concerning events of the distant past (see *Connell v Hayden,* 83 AD2d 30, 40-41). To construe the statute, as would our dissenting brother, to the effect that an acknowledgment of paternity constitutes a permanent and absolute exception to the bar of the Statute of Limitations, would mean that the mother of a child in his teens could commence a paternity proceeding against the putative father and if the defense of the Statute of Limitations was interposed, allow her to allege that when the child was of tender years, he made a support payment, thereby depriving him of any future reliance on the statute as a defense. So untoward a result could not have been intended. The statute should not be construed to allow the mother to sleep on the rights of herself and her child for a substantial number of years to the prejudice of the putative father's ability to investigate and prepare a defense. Damiani, J. P., Lazer and Bracken, JJ., concur.

Cohalan, J., dissents and votes to affirm the order, with the following memorandum: I would construe the language "unless paternity has been acknowledged by the father in writing or by furnishing support" as an absolute exception to the application of the two-year Statute of Limitations in subdivision (a) of section 517 of the Family Court Act. In extending the period for commencement of suit by a mother who is a minor, the Legislature specified the time in which suit may be brought after she achieved her majority. The omission of any such limitation with respect to the immediate preceding language concerning an acknowledgment by the putative father implies that none was intended and that an acknowledgment made at any time suffices to remove the bar of the Statute of Limitations. Appellant's contention that the statute as so construed is unconstitutional because it places an insurmountable burden upon the father to assemble his proof to rebut the petitioner's allegations concerning their relationship at the time of conception, is without merit. The defect in that contention is that the putative father would only have to assemble proof that the alleged support payments or writing, as the case may be, were not intended as an acknowledgment of paternity, but were furnished for a different reason. Accordingly, the putative father would not have to assemble proof of his relationship with the petitioner at the time of conception to defeat the proceeding. Furthermore, a putative father is protected from spurious claims by the exacting burden of proof placed upon the petitioner to establish at trial by clear and convincing evidence that the writing or the support payments constituted an unequivocal acknowledgment of paternity. The putative father's exposure to suit is extended only by virtue of his own clear, unequivocal and voluntary acts of acknowledgment, constituting a rational basis for the legislative exception to the two-year Statute of Limitations.