680 P.2d 638

**Lillian PARRISH, Plaintiff-Appellant,**

v.

**Richard Dale McDANIEL, Defendant-Appellee.**

**No. 7415.**

Court of Appeals of New Mexico.

April 12, 1984.

Earl Mettler, Shiprock, for plaintiff-appellant.

F.D. Moeller, Moeller & Burnham, Farmington, for defendant-appellee.

OPINION

NEAL, Judge.

This case concerns the interpretation of NMSA 1978, Section 40–5–23 (Repl.Pamp. 1983), which states:

Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child unless paternity has been judicially established or has been acknowledged by the father in writing or by the furnishing of support, except that there shall be no time limitation on proceedings initiated by the state.

To avoid the two-year limitation must the furnishing of support or written acknowledgement occur within two years of the child's birth?

In 1982 the plaintiff brought this action seeking child support. The child was born in 1969. The defendant's name appeared

on the child's birth certificate, and blood tests established that there was a 93.9% probability that the defendant was the father. Also, the plaintiff had in her possession a statement, signed by the defendant on May 13, 1982, in which the defendant acknowledged that he was the father of the child.

Relying on Section 40–5–23, defendant moved for summary judgment. This motion was granted and the plaintiff appeals.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." NMSA 1978, Civ.P.R. 56(c) (Repl.Pamp. 1980); *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

### 1. Furnishing support.

■ By supplemental interrogatories the defendant asked the plaintiff to state whether, during the two years following the child's birth, the defendant had paid any support. The answer was: "He brought various items such as milk, a bassinet, etc." The defendant filed a "Second Supplemental Interrogatory" which asked: "Please state with particularity what support was furnished, the occasions in which it was furnished and to whom it was furnished." The plaintiff answered: "Cash, milk and other groceries [sic], a bassinette [sic] and other items for the baby, on a regular basis approximately two times per week, especially during the first year after [the baby's] birth, and less frequently after that." Payment of money for the child's support constitutes "furnishing of support." *Hernandez v. Anaya*, 66 N.M. 1, 340 P.2d 838 (1959). The answers to interrogatories created an issue of material fact concerning "furnishing of support." The summary judgment in favor of defendant is reversed.

Because the furnishing of support allegedly occurred within two years of the child's birth we need not consider whether Section 40–5–23 would bar the action had the support been furnished later than two years after the child's birth.

### 2. Acknowledgement.

■ The plaintiff's answers concerning furnishing of support would be sufficient to reverse the summary judgment. However, we discuss the acknowledgement issue because the plaintiff must not only allege, but prove facts that entitle her to bring suit more than two years after the child's birth. *Hernandez v. Anaya*. It is likely that the issue will be raised on remand.

The plaintiff presented a statement, signed by the defendant, in which he acknowledged the child as his son. This statement was dated May 13, 1982, and was allegedly made so the child could play Pee Wee baseball.

The plaintiff contends that to come within the exception in Section 40–5–23, the written acknowledgement need not be executed within two years of the child's birth. We agree.

In construing statutes we are concerned with determining the Legislature's intent. *Kiehne v. Atwood*, 93 N.M. 657, 604 P.2d 123 (1979). The Legislature stated that the action "shall not be brought after the lapse of more than two years from the birth of the child," and then provided, "unless paternity has been judicially established or has been acknowledged by the father in writing ...." Reading the statute literally, it says the period of limitation shall apply *unless* there has been an acknowledgement in writing. It does not say unless there has been an acknowledgement in writing "within two years of the birth of the child." *Cf.* §§ 40–5–3 and 40–5–4. If possible, we are to give meaning to all of the language in a statute. *Anaconda Co. v. Property Tax Dept.*, 94 N.M. 202, 608 P.2d 514 (Ct.App.), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (Ct.App.1979). The defendant's contention is that acknowledgement must occur within two years of birth. But if that were the Legislature's intention

there would have been no need to detail any exceptions; a two-year period would have been sufficient. The defendant's construction would make the language concerning exceptions superfluous, and we reject it.

New York courts, construing a statute very similar to ours, have held that acknowledgement made more than two years after the child's birth avoids the two-year limitation. In *D. v. D.*, 69 Misc.2d 689, 330 N.Y.S.2d 907 (1972), the court considered Family Court Act, Section 517(a):

> Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support.

This statute deals with paternity actions, rather than child support actions, but we do not find the difference significant. *D. v. D.* held that written acknowledgement made seven years after the child's birth was sufficient to avoid the two-year limitation.

In *Vicki B. v. David H.*, 86 A.D.2d 659, 447 N.Y.S.2d 17 (1982), the court held that under Family Court Act, Section 517(a), furnishing support within two years of the child's birth was not required to avoid the two-year limitation. Although *Vicki B. v. David H.* contains a technical discussion of "tolling" of the statute, we do not decide whether suit must be brought within two years of the last payment or within two years of acknowledgement because the plaintiff here brought suit within two years of the written acknowledgement.

Consistent with New York law and what we believe to be our Legislature's intent, we hold that written acknowledgement, made thirteen years after the child's birth, is sufficient to avoid the two-year limitation in Section 40–5–23.

This interpretation does not offend the policy behind Section 40–5–23, which is "a means by which stale claims may be put to rest and defendants may be relieved of the obligation to investigate and prepare a defense concerning events of the distant past (Citation omitted)." *See Vicki B. v. David H.* However, as stated in *Lorraine M. v. Linwood M.S.*, 108 Misc.2d 366, 437 N.Y. S.2d 580 (1981), this policy is no longer operative when the father has acknowledged paternity in writing. Moreover, an additional policy consideration is that one of the reasons for requiring child support is to prevent the child from becoming a public charge. *Allen v. Hunnicutt*, 230 N.C. 49, 52 S.E.2d 18 (1949); *Beattie v. Traynor*, 114 Vt. 238, 42 A.2d 435, 159 A.L.R. 1399 (1945) and *Flores v. State*, 72 Fla. 302, 73 So. 234 (1916). Our holding is consistent with that policy.

There are issues of material fact concerning furnishing of support and written acknowledgement. The summary judgment is reversed. On remand the plaintiff must prove facts establishing that the two-year limitation does not apply. *Hernandez v. Anaya*. If she fails to do so, the case should be dismissed.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.