Harold A. Felix, J.
Respondent’s motion is granted and the petition is dismissed, but without prejudice. The proceedings herein were not timely instituted within the two-year period of limitations fixed by subdivision (a) of section 517 of the Family Court Act. ,Stricken from the face of the petition, presumably by the petitioner’s attorney, is the provision that the respondent has either acknowledged paternity in writing or by furnishing support. No inferences favorable to the petitioner can be drawn from her reference in her affidavit on this motion to respondent’s gift-giving of personal items of jewelry during the period they presumably dated, or the alleged contribution to her by him of the sum of $100 during her pregnancy. No merit is found in the petitioner’s contention that the Statute of Limitations must be pleaded by way of affirmative defense. While the defense of the statute is an affirmative one, a motion to dismiss is a proper method of raising the bar (CPLR 3211, subd. [a], par. 5). Petitioner’s further contention that, being an infant, the statute is tolled to the majority of the petitioner is without validity. Section 522 of the Family Court Act permits the mother, even if a minor, to originate the proceedings. If infancy in paternity matters were intended to toll the statute, the Legislature could have so provided. CPLR 201 states clearly that “ No court shall extend the time limited by law for the commencement of an action. ’ ’ An action includes a special proceeding such as herein; the words plaintiff and defendant include petitioner and respondent, and the word complaint includes a petition in a special proceeding (CPLR 105, subd. [b]).
Similarly without substance is the contention that respondent’s military service precluded the timely commencement of the *951 proceedings herein. Suffice it to say that such proceedings are commenced by the filing of a verified petition as provided in section 523 of the Family Court Act. (See Duerr v. Wittmann, 5 A D 2d 326.) Further, petitioner states that the respondent 11 dated ” her steadily from the beginning of January, 1962 to the latter part of October, 1963. Respondent was a member of the United States Marine Corps Command stationed at the Marine Barracks at the Naval Base in Brooklyn, New York, from January, 1962 until his honorable discharge on October 26, 1964, and no impediment existed by reason of such service in effecting civil process.