In the Matter of KATIE WONG, Respondent, v. ORVILLE BECKFORD, Appellant.

First Department, October 10, 1967.

*Jay M. Landa* for appellant.

*Avram Weisberger* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

*Per Curiam.* Some nine years after the birth of her child in the British West Indies, the petitioner instituted this filiation proceeding, relying upon the furnishing of support by the appellant as an acknowledgment of paternity tolling the two-year

Statute of Limitations (Family Ct. Act, § 517). The few small sums of money given to the petitioner by the appellant were not stated to be for the maintenance of the child. The circumstance that they might have been given for some other purpose and their sporadic nature, militate against their use as an admission of paternity. To serve as an acknowledgment of paternity, the support furnished must clearly and definitely, without doubt or equivocation, be provided for the purpose of sustenance of the child. A man's occasional gifts to a mother of money or items of personal property or his purchase of toys for a child, will not be construed as an acknowledgment of paternity. To remove the bar of the statute, the support must be furnished under circumstances as warrant a clear inference that the putative father recognizes the child as his own and indicates his willingness to assume his statutory duty of support. (*Schuerf* v. *Fowler,* 2 A D 2d 541, app. dsmd. 3 N Y 2d 987; *Commissioner of Public Welfare of City of N. Y.* v. *Jackson,* 240 App. Div. 142.)

The order should be reversed, on the law and on the facts, without costs and without disbursements, and the petition dismissed.

STEUER, J. P., CAPOZZOLI, TILZER, RABIN and McGIVERN, JJ., concur.

Order entered on March 29, 1967, unanimously reversed on the law and on the facts, without costs and without disbursements, and the petition dismissed.