John R. Heilman, J.
This is a petition to establish the respondent as the father of a child born to the petitioner out of wedlock on August 7, 1966. The petitioner testified before this court, and the court thereafter ascertained that a similar petition had been brought by this same petitioner, which was withdrawn in June of 1968, apparently upon the agreement of the respondent that he would contribute toward the child’s support. *338 Testimony indicates that he did so contribute for a period of time. He then ceased such contributions, as a result of which this second petition has been brought.
The sole question which the court raised was whether or not, in view of the two-year Statute of Limitations, the new petition can be entertained by this court. The respondent at no time raised the defense of expiration of the Statute of Limitations, but he was not represented by counsel, and the court therefore raised the question in full protection of his rights.
A review of the testimony taken before this court on the date the original petition was withdrawn (June 5,1968) does not indicate whether such withdrawal was with or without prejudice. There appears to be no case law dealing with the issue presented in this case, that is, whether withdrawal of a timely brought petition acts as a toll of the Statute of Limitations in the event a subsequent petition is filed after the lapse of two years from the birth of the child.
This question is discussed in S. Schatkin, Disputed Paternity Proceedings. (4th ed.). There the author stated (p. 389): “ An interesting question of law arises as to the applicability of the statute of limitations under the following circumstances: The petitioner has instituted the proceedings within the statutory time. However, for reasons of her own, or perhaps because she reached an accord with the respondent, she consents and the proceeding is marked ‘ dismissed without prejudice ’. This dismissal without prejudice signifies that at a later date she may renew the proceedings. Suppose, however, that she renews the proceeding after the laps of the statutory two-year period, without the acknowledgment of paternity in writing or by furnishing support, must such proceeding be renewed within the two-year period? Or, in view of the fact that a proceeding had actually been commenced within the two-year period, may she not renew the proceeding after the lapse of two years? In the author’s judgment, the proceeding having been commenced within the statutory period, and having been dismissed without prejudice, she may file a new petition, after the lapse of the statutory period, for even though more than two years have elapsed, the respondent had been alerted by the filing of the first petition, which effectively tolled the statute of limitations. ’ ’
With respect to whether the dismissal in the instant case was without prejudice, it would appear that it was as a matter of law. CPLE 3217 (subd. [c]) provides: “Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice ”.
*339 There is some additional opinion expressed in the 1970 supplement of the above author’s book at page 25, indicating that where there is an acknowledgment of paternity, that acknowledgment does not necessarily have to occur within the two years after the child’s birth. If there has been an acknowledgment at any time, the Statute of Limitations is tolled. It is true that in the instant case the support was not of long duration as is required by the holdings in some cases and therefore such evidence of support is not conclusive. Although there was no formal acknowledgment in writing, the respondent did acknowledge paternity in open court.
It is further true that CPLR 205 provides: “ If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination.” (Emphasis added.)
The court does not feel that in justice this section is controlling in the present case. There is no question in the court’s mind that the petitioner withdrew her earlier petition in reliance upon respondent’s promise to make regular support payments. The respondent should not be permitted to mislead the petitioner at one point in time and then at another point in time profit from his deception. While there does not appear to be any authority for estopping respondent from benefiting from the effect of the Statute of Limitations in cases such as this, such estoppel is known in other types of civil proceedings. (See, e.g., Preston v. Northern Ins. Co., 35 Misc 2d 784 and cases cited ; Croop v. Odette, 29 Misc 2d 606, affd. 14 A D 2d 724.) This court does not believe that such estoppel is any less viable in paternity matters, when, as is the case here, the facts warrant its application. This court therefore holds that the petitioner herein has not lost her remedy against respondent by reason of the Statute of Limitations contained in section 517 (subd. [a]) of the Family Court Act.
The court is satisfied, from all of the facts and circumstances of this case and from the evidence that paternity of this child is established in the respondent in this case. The evidence is entirely clear that the petitioner and respondent had sexual, relations in November of 1965 and that a child was born to the petitioner on August 7, 1966. • The respondent frankly admits that he is the father of this child and is willing to pay support. The testimony before this court upon the court’s own questioning *340 convinces the court to its entire satisfaction as to the paternity of this child.
Accordingly, the court adjudicates Charles W. as the father of the child, Travis L., born to Ethel B. on August 7,1966. Upon the respondent’s own request that any payment which he is required to make be made a wage deduction on his salary, the court directs the respondent to pay the sum of $15 per week for the support of said child, first payment to be made on February 26, 1971. The court directs that a wage deduction order in this amount be placed on the respondent’s salary, and if the employer is unable to place such order on his records in time to deduct it from the payment due on February 26th, the respondent shall make such payment to the Dutchess County Family Court Probation Department on the second floor of the Nelson House Annex until such time as deductions are made by his employer.