William Rigler, J.
The court has before it an interesting question to determine as to when the Statute of Limitations concerning a paternity proceeding is tolled, specifically at what time the course of action of the respondent (an acknowledgment in writing and/or support) takes the proceeding out of the Statute of Limitations and allows the petitioner an opportunity to establish paternity.
The petitioner instituted a" proceeding on July 25, 1969 in which she seeks to declare the respondent the father of an out-of-wedlock child born to her on October 21,1958. The petitioner and the respondent each testified on their own behalf and called no other witnesses.
The petitioner testified that she met the respondent in 1955 and that they had their first act of sexual intercourse in June of 1955 and that their relationship continued until March of 1958. The petitioner testified that she became pregnant in January of 1958 at which time she was living with the respondent; and that before the birth of the child the respondent was sent to prison where he remained, on and off, for four years.
The respondent’s testimony, basically, does not contradict the petitioner’s testimony and there is an acknowledgment on his *690 part that he lived with the petitioner during the period when conception must have taken place.
The basic argument of the respondent is that the Statute of Limitations applies, namely section 517 of the Family Court Act, in that this proceeding was not brought within two years after the birth of the child. The petitioner testified that the respondent acknowledged paternity in writing wherein the respondent signed the report cards of the child in the spaces indicated for the parent’s signature in 1965, 1966 and 1969 and also (Exhibit 2) on September 19, 1962 in a letter to petitioner’s sister. In petitioner’s Exhibit 2 the respondent clearly acknowledges paternity of the child when he states in the letter ‘1 but I love your sister Dolores and my babies very, very much. * * * I want so very much to see my daughter Kim. My heart is broken about Roxanna, please don’t do the same with my Kim,” (Roxanna is another child born to the petitioner and respondent which respondent acknowledges as his child). “ I just want to see my Dolores’ face and my baby Kim.” The issue is, therefore, whether or not this letter and the signed report cards are sufficient written acknowledgments to take the case out of the two-year Statute of Limitations.
Respondent contends these writings do not toll the Statute of Limitations since they were not made within two years of the birth of the child. It is clear from the cases that to toll the Statute of Limitations the acknowledgment must be clear and unequivocal. The father must acknowledge and recognize the child as his own without doubt, coercion or mental reservation.
In Schuerf v. Fowler (2 A D 2d 541) the court held that a filiation proceeding may not be brought more than two years after the birth of a child unless the writing contained a clear acknowledgment about which there is no doubt or equivocation.
To constitute an acknowledgment of paternity it must be without doubt or equivocation. The complainant has the burden of proving the conditions under which the statute may be tolled. This proof must be scrutinized and if there is a serious question, then the complaint must be dismissed. (Matter of Mendes v. Pennyfeather, 11 Misc 2d 546.)
Subdivision (a) of section 517 of the Family Court Act provides that, “ Proceeding to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support.”
*691 The court is of the opinion that this section must be construed literally and that the two-year Statute of Limitations applies unless there is an acknowledgment of paternity in writing. The Legislature clearly indicated they did not prescribe that the acknowledgment must be within the two years, but that once the acknowledgment is given the statute is tolled.
Mr. Sidney B. Schatkin, in his treatise on paternity entitled ‘ ‘ Disputed Paternity Proceedings ’ ’ 1971, supplement page 41, stated: ‘ ‘ However, if paternity has been acknowledged either in writing or by furnishing support, the Statute of Limitations is tolled * * * In as much as it is the acknowledgment (whether in writing or by furnishing support) in the author’s judgment, that acknowledgment does not necessarily have to occur within two years after the birth of the child. If there has been an acknowledgment at anytime, the Statute of Limitations is tolled.”
The court in the Matter of Ethel B. v. Charles W. (66 Misc 2d 337, 339) stated: “ If there has been an acknowledgment any time, the Statute of Limitations is tolled.”
This point of law may appear quite obvious to the courts and perhaps this is the reason the cases do not reflect anything on when a writing tolls the statute. This court feels in light of respondent’s argument the point should be discussed and a decision be made to resolve and firmly establish the rule, so that there can be no future question, as to when the statute in tolled (providing the act of acknowledgment or support meets the test as established in the Schuerf and Mendes cases, supra).
The court finds that the respondent’s acknowledgment in writing in this case is sufficient to toll the Statute of Limitations. The writing or support need not be made within two years from the birth of the child to toll the Statute of Limitations, and once made, if it meets the tests of Schuerf and Mendes, this tolls the Statute of Limitations.
Order of filiation entered. Hearing as to support on April 25, 1972.