George M. Fleary, J.
This is a neglect petition which appeared on the calendar of this court on July 16, 1975 in due manner. The children herein were not present nor was the respondent mother, Sarah H. The petitioner is James R. Dumpson, Commissioner of the Department of Social Services who filed a petition on behalf of the children alleged to be neglected.
There are four children, Sharon H., Yvette H., La Ronda H., and Aysha H.
The corporation counsel has requested the court to issue a warrant of arrest. The attorney for the respondent has moved for the issuance of a stayed warrant.
This court, after due deliberation and reflection, holds that "stayed warrants of arrest” are unconstitutional.
The petition herein alleges that the mother of said children is one Sarah H. and that said children are neglected in that:
1. Respondent mother of four refuses to co-operate with the Bureau of Child Welfare on behalf of her children who are improperly clothed, fed and cared for.
*56 2. Respondent and children dwell in an unfurnished inadequate apartment.
3. Respondent has a history of mental illness and refuses public assistance or any other help and has no visible source of income.
Amendment V of the Constitution of the United States provides, in part, that no person shall be deprived of "liberty” without due process of law.
Amendment XIV of the Constitution states, in part, nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
Section 6 of article I of the Constitution of the State of New York likewise provides that "no person shall be deprived of 'liberty’ without due process of law”, and in section 11 of article I it provides that "no person shall be denied the equal protection of the laws of this state”.
Section 12 of article I of the New York State Constitution provides for "the right of the people to be secure in their persons * * * against unreasonable searches and seizures * * * and no warrants shall issue, but upon probable cause”.
It is ancient learning that criminal statutes must be strictly construed. No cases need be cited to support or sustain this long and well established dictum.
The Family Court Act provides for warrants of arrest in numerous instances. Specifically (Family Ct Act, § 153) "to secure or compel the attendance of an adult respondent or child or any other person whose testimony or presence at a hearing or proceeding is deemed by the Court to be necessary”.
In fact, unified court forms have been prepared and are being used in instances under various sections:
Section 214 of the Family Court Act (General Form 4), Warrant of Arrest of Witness, parent of a child, petitioner, etc.
Section 1037 of the Family Court Act (Form 3-10), Warrant of Arrest in neglect matters.
Section 428 of the Family Court Act (Form 4-6), Warrant of Arrest in support matters.
Sections 526 and 527 of the Family Court Act (Form 5-5), Warrant of Arrest in paternity matters.
*57 Section 738 of the Family Court Act (Form 7-11), Warrant of Arrest in delinquency and/or supervision matters..
Section 827 of the Family Court Act (Form 8-3), Warrant of Arrest in family offense matters.
Section 1037 of the Family Court Act (Form 3-10), Warrant of Arrest in cases of child abuse matters.
Nowhere in the law is there provision for a "stayed warrant”. It is a mechanism used as a threat to force and cajole a respondent to appear in court under his or her own steam and to persuade a person to appear under the menace of a big stick and always (in pragmatic terms) after letters and summonses to him have been ignored, and respondent has failed to appear freely. In the instant case, on January 2, 1975, a summons was issued for respondent. On January 16, 1975, a new summons was issued for respondent, returnable February 6, 1975. On February 6, 1975, a stayed warrant of arrest was ordered for the respondent. On February 21, 1975, it was ordered that the warrant be executed. On March 3, 1975, the warrant of arrest was vacated. On March 10,1975, the respondent mother appeared and the petition was served on her. On May 12, 1975, again the respondent appeared and the matter was adjourned to July 16, 1975. On that date the respondent mother did not appear. The maternal grandmother did appear and heretofore on March 10, 1975 the four children were paroled to her custody.
The "stayed warrant of arrest” is not unlike a "final” dunning letter from a merchant to a vendee in order to avoid litigation. It is not unlike a "one last chance” offered by a cleric to a terminally ill parishioner to reform and repent; to purge oneself of sin by changing ones ways and accept reformation.
Particularly in these times of severe budgetary crises and economic crunch, it is ludicrous (and unconstitutional as well) to order a "stayed” warrant and hence require clerks and court personnel to prepare numerous forms which are processed and served upon a recalcitrant individual who, by his or her prior actions in failure to respond to court communications, has evinced an intent and desire to ignore and disregard official mandates.
It is interesting to note that court bridgemen consistently give written notes to a respondent, listing date, time and place of return appearances upon adjournment of matters in Family *58 Court. This after a date has been audibly selected by the clerk, respondent’s attorney or Law Guardian, and the court and perhaps after consultation with petitioner, the Corporation Counsel and any agencies, if involved.
This court will not condone the blatant disrespect to judicial mandates as evidenced by the respondent’s lack of concern for the various prior official communications to appear in person in the case at bar. This court will not innoculate the respondent against valid and just court action by threats — not too veiled or subtle — of arrest of her person in the event she fails to comply. Nor will this court act as a toy to respondent’s procrastinations.
However, neither will this court betray respondent’s constitutional rights by signing an order for a "stayed” warrant. Such action is no more than judicial blackmail.
In the field of criminal justice and jurisprudence generally and in the area of warrants specifically, it is time to chirp or get off the perch. Accordingly, this court, in signing an order for a warrant of arrest also declares the unconstitutionality of stayed warrants as previously issued out of the Family Court, there being no legal authority or jurisdiction for same.