Richard D. Rosenbloom, J.
This is a motion to dismiss a petition seeking to establish paternity on the grounds that the proceeding was not commenced within the time limited by law.
On July 28, 1964, Lessie Ann Nelson gave birth to Carl Fredrick Nelson out-of-wedlock. Thereafter, the mother and/ or child became a public charge on the County of Monroe. By petition filed on February 5, 1973, the Director of Social Services of the Monroe County Social Services District commenced a proceeding against the respondent seeking a declaration of paternity. This proceeding was timely commenced within 10 years after the birth of the child pursuant to the provisions of subdivision (b) of section 517 of the Family Court Act.
When the proceeding was reached for a trial hearing on June 16, 1975, the petitioner’s principal witness failed to appear. The court granted the respondent’s motion to dismiss for failure to prosecute and "stayed the statute of limitations *970 for a period of six months pursuant to Section 205(a) of the CPLR.”
The present proceeding was commenced by the filing of a new petition on June 25, 1975. Once jurisdiction was acquired over respondent, the instant motion to dismiss based on the Statute of Limitations was made.
CPLR 205 (subd [a]) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same cause of action within six months after the termination.”
Since the original proceeding was clearly dismissed for neglect to prosecute, the revival provisions of CPLR 205 (subd [a]) do not come into effect. Furthermore, CPLR 201 expressly provides: "No court shall extend the time limited by law for the commencement of an action.”
Accordingly, the court’s purported stay of the Statute of Limitations was unauthorized and, in fact, was expressly prohibited by statute. I view the court’s order as a nullity which was not made regular by the expiration of the time to appeal. (Greenfield v Greenfield, 215 App Div 504.)
Since the present proceeding was not commenced within 10 years of the birth of the child, as required by subdivision (b) of section 517 of the Family Court Act, the respondent’s motion is granted and the petition is dismissed.