■ In the Matter of VERONICA P. (ANONYMOUS), Respondent, v LARRY L. (ANONYMOUS), Appellant.—In a paternity proceeding, the respondent putative father appeals from two orders of the Family Court, Westchester County, the first of which, dated November 21, 1969, *inter alia* adjudged him to be the father of a certain child and ordered him to pay $7.50 per week towards the support of the child, and the second of which, dated June 16, 1975, *inter alia* directed the Accounts Division of the Department of Probation to compute arrears. Orders reversed, on the law, without costs, and proceeding remanded to the Family Court for a *de novo* hearing and determination as to the issues of paternity and support. No fact issues were raised on this appeal. In our opinion the Family Court lost jurisdiction to enter the order of filiation by reason of the lapse of two and one-half years between the time of the decision on the petition and entry of the order of filiation. Margett, Christ and Shapiro, JJ., concur; Hopkins, Acting P. J., and Martuscello, J., concur as to the remand, but would do so solely for a new fixation of child support arrears, and otherwise dissent and vote to affirm the order of filiation, with the following memorandum: No loss of jurisdiction ensued from the lapse of time between the decision and the formal entry of the order of filiation. As to the amount of child support arrears, it appears to us that part thereof may have been waived by petitioner's laches.

■ In the Matter of NICHOLAS F. PENEBRE, Petitioner, v JOSEPH F. DZALUK et al., Constituting the Board of Trustees of the Village of Port Chester, et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent board of trustees, dated April 18, 1975 and made after a hearing, which dismissed petitioner from his position as police officer. Determination annulled, on the law, without costs, and respondents are directed to restore petitioner to his position, with accrued salary and benefits, as of December 12, 1974, on which date he was suspended from duty without pay, less interim earnings, but without prejudice to the right of respondents to take such action pursuant to sections 72 and 73 of the Civil Service Law as they may be advised. The record establishes that for some 13 years petitioner was an exemplary police officer; that within the six months preceding the making of the subject disciplinary charges his behavior altered markedly; and that he became depressed and inattentive (one witness testified to an incident—not one of the specified charges—in which his behavior was clearly aberrant). Disciplinary charges for incompetence or misconduct pursuant to section 75 of the Civil Service Law seem misplaced in these circumstances. As the village prosecutor indicated at the close of the disciplinary hearing, the evidence adduced warranted proceedings under sections 72 and 73 of the Civil Service Law (cf. *Matter of Brockman v Skidmore,* 43 AD2d 572). Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.