Raymond J. Barth, J.
The above matter came before this court on December 18, 1975 at which time the petitioner appeared in person, the Department of Social Services appeared by John Barnaba, Esq., of counsel, and the respondent appeared by his attorney, Anthony J. Gigliotti, ■ Esq. Respondent’s attorney moved to dismiss the petition pursuant to CPLR 3211 (subd [a], pars 5, 8) and pursuant to the inherent power of the court to dismiss a proceeding for immeasurable delay in prosecution. Specifically, respondent contends that the Statute of Limitations has run because the Onondaga County Department of Social Services, as the real party in interest, has failed to file a verified paternity petition within 10 years as provided by subdivision (b) of section 517 of the Family Court Act. Secondly, he contends that lack of prosecution and immeasurable delay is evidenced by the fact that more than 10 years have elapsed since the filing of the original petition and that service of process was not made until approximately 10 years after the action was commenced. Alternatively, respondent "moves pursuant to section 532 of the Family Court Act for a blood grouping test of the parties and the child, with the costs of said test to be borne by the Department of Social Services.
The instant action was commenced on June 10, 1965 when Mary W. filed a verified petition alleging that respondent was the father of a child likely to be born out of wedlock, and petitioning the court to issue a summons or a warrant requiring the respondent to show cause why the court should not enter a declaration of paternity, an order of support and such other and further relief as may be appropriate under the circumstances. The procedure followed was strictly in accordance with the statutes (see Family Ct Act, §§ 522, 523). Subsequently, the child, Denise W., was born on July 21, 1965.
*533 Subdivision (a) of section 517 of the Family Court Act provides that paternity proceedings may be instituted during the pregnancy of the mother or within two years after the birth of the child, subject to some limited exceptions. Petitioner commenced this action well within the statutory limitation period when she filed the verified petition during her pregnancy. Therefore, respondent’s contention that the Statute of Limitations has run because the Social Services Department, as the real party in interest, failed to file a petition within 10 years (Family Ct Act, § 517, subd [b]) is entirely without merit and substance.
The court records pertaining to the instant case reveal that an affidavit for a warrant was signed and sworn to by petitioner on June 23, 1965 alleging that respondent’s whereabouts were unknown and that a summons could not be served upon him. A warrant was issued on June 28, 1965 for respondent’s arrest. The warrant was outstanding until 1975 when respondent appeared in court voluntarily, which permitted the court to obtain personal jurisdiction over him. A summons and petition were also served upon him at this time when he revealed his address to the court.
Section 153 of the Family Court Act provides that "[t]he family court may issue * * * in a proper case a warrant * * * to secure or compel the attendance of an adult respondent”. Section 526 further provides that the court may issue a warrant in a paternity action when a petition prepared in accordance with section 523 is presented and it appears that "(a) the summons cannot be served” (see also, Matter of Sharon H., 83 Misc 2d 55).
Bergen v Bergen (186 Misc 34) held that "there is no requirement in the law that a proceeding in this court shall be initiated by the service of a summons on respondent. A proceeding * * * is commenced not by the issuance of a summons or warrant, but by the filing of a petition * * *. The purpose of the summons or warrant is merely to compel the appearance of the respondent before the court in a proceeding already commenced” (see, also, Zivkovic v Zivkovic, 44 AD2d 558, affd 36 NY2d 216).
In the case at bar, the proceeding was timely commenced and appropriate action was taken by the court (in the form of a warrant) when it appeared that personal jurisdiction over the respondent was lacking. Indeed, there was a period of five years (1965-70) when service of process could not possibly have *534 been made due to respondent’s admitted incarceration. The court will not allow delay caused by his incarceration, a circumstance directly resulting from respondent’s own acts, to be imputed to the petitioner as a failure to proceed with the paternity action.
Respondent’s final contention, that the 10-year time delay between the commencement and prosecution of the proceeding evidences unreasonable delay and required dismissal of the proceeding, is not adopted by this court. CPLR 3216 limits dismissal for want of prosecution to cases where a party unreasonably neglects to proceed in an action where issue has been joined. Issue was not joined here; indeed, no personal jurisdiction could even be obtained over respondent until 1975. The mere fact that the" police did not have the opportunity to execute the warrant during the five years in which it was conceivably possible for them to make the arrest (once the respondent was released from prison), cannot be used as evidence for the respondent’s argument of "immeasurable delay.”
Now, therefore, upon all the papers submitted in relation to the motions, and after hearing oral arguments in support of and against the motions, and due deliberation having been had thereon, it is
Ordered, that respondent’s motion to dismiss the petition be, and the same hereby is, in all respects denied, and it is further
Ordered, that respondent’s motion for a blood-grouping test be, and the same hereby is, stayed until September 22, 1976 at 10:45 in the forenoon for further testimony as to respondent’s ability to pay for the costs of said test.