Shirley Wohl Kram, J.
Petitioner has brought this proceeding to establish the paternity of Theresa born January 11, 1969. There are principally two questions to be resolved by the court before a determination can be reached after a hearing which presented the testimony of numerous witnesses and both parties.
Upon cross-examination of the respondent a photograph was offered into evidence over the objection of respondent’s attorney. Said photograph showed the respondent holding the child Theresa in the petitioner’s apartment. The respondent’s authority for his objection is a line of cases including Bilkovic v Loeb (156 App Div 719) and the more recent Matter of Commissioner of Welfare of City of N. Y. v Leroy C. (45 AD2d 963).
It has long been the general rule in New York that photographic evidence of resemblance between a child and the *910 alleged father is inadmissible on the question of paternity. Herein, the respondent testified that he had never visited petitioner’s home, nor visited Theresa. On cross-examination the photograph was offered into evidence, showing the respondent holding Theresa in the petitioner’s apartment.
While this court is mindful of the general rule relating to evidence of physical resemblance, this rule is not strictly enforced, when the court sits without a jury. While a jury might be prejudiced by the admission of such a photograph, the Trial Judge may receive this evidence for the limited purpose for which it was intended. (Scott, Photographic Evidence, § 1022.)
In Matter of Tim (6 Misc 2d 47) the court viewed photographs to determine family resemblance. In Matter of DiazAlbertini (153 NYS2d 261, affd 2 AD2d 671) the court admitted testimony as to physical characteristics on the issue of legitimacy and the existence of a blood relationship.
The distinguishing factor in this matter is that the photograph in question was not offered into evidence for the purpose of establishing the paternity of the child, but to impeach respondent’s credibility. A photograph which is relevant material on one issue should not be excluded by the Trial Judge because it is inadmissible upon some other issue. It is within the court’s discretion to consider the picture for the limited purpose for which it was offered.
The court notes further that when respondent was shown the photograph in question his response was that the man in the picture might be his twin brother, but not the respondent. This court had occasion to see respondent’s twin, who was called as a witness, and while there is a resemblance between the two men, there is no question that this was a photograph of this respondent.
On the second issue of whether the Statute of Limitations was tolled as this petition was filed more than two years after the birth of the child, this court holds in the affirmative.
The respondent’s action herein was not within the ambit of Matter of Wong v Beckford (28 AD2d 137), wherein a few small sums of money were not specifically for the support of the child. A man’s occasional gifts of money to a mother will not be construed as an acknowledgment of paternity. (Schuerf v Fowler, 2 AD2d 541, app dsmd 3 NY2d 987.) Herein, the petitioner testified that respondent had visited her and the child in the hospital, gave her occasional sums of money over *911 the course of time, and more specifically there was introduced into evidence a photocopy of respondent’s check to the petitioner having on the face of same a notation in respondent’s handwriting that said check was for payment of Theresa’s tuition in parochial school, thus meeting the requirements of section 517 of the Family Court Act. Further, the Commissioner of Social Services has been joined as a copetitioner in the action which further moots the question.
After a full hearing by this court, and the presentation of considerable testimony by the parties as well as a number of witnesses, it is this court’s determination that the petition has been sustained by clear and convincing proof that the respondent is the father of Theresa.
The attorneys and parties are to be notified of the court’s decision and further advised that another hearing is set for March 16, 1977 for the purpose of establishing an appropriate order of support for this child.