Frederick D. Dugan, J.
In this paternity proceeding, the mother’s petition was filed in the Family Court within two years of the child’s birth. (Family Ct Act, § 517, subd [a].) Respondent moves to dismiss the petition for lack of jurisdiction since the summons was not issued or served until more than three years later, after the child’s fifth birthday. (Family Ct Act, §§ 523, 524.)
The mother’s petition, dated and verified March 15, 1973, alleges that respondent is the father of the child born to her on March 30, 1971. It was filed with the Family Court on March 15, 1973, two weeks before the child’s second birthday.
Stricken from the face of the printed petition is the allegation "5. Respondent has acknowledged paternity of said child [in writing] [by furnishing support]”. (Family Ct Act, § 517, subd [a].)
Upon the argument of pretrial motions and in the briefs filed with the court thereafter, respondent’s counsel states that petitioner told her mother, a court employee, it would not be necessary to have respondent brought into court. This is indicated in a portion of the examination before trial of the mother on February 15, 1977 read by respondent’s counsel upon the argument of these motions.
Petitioner’s counsel candidly advises in his brief and argument that there were discussions between the parties about *161 possible settlement outside of court concerning the support and paternity of her child and that petitioner indicated on more that one occasion to her mother that she did not believe a paternity trial and support hearing would be necessary in order to reach a settlement of the matter.
Whatever the reason, three years and some two and a half months after the filing of the petition, the court issued a summons on May 27, 1976, which was forwarded with a copy of the petition to the Steuben County Sheriff for personal service on respondent who resided in that county. Personal service was made on June 3, 1976. The matter was returnable before the court on June 17, 1976.
Respondent filed a written answer denying the allegations of the petition and alleging that petitioner had in effect withdrawn her petition as the basis for his affirmative defense of the two-year limitation of time for instituting such proceedings (Family Ct Act, § 517, subd [a]).
The factual issues of whether petitioner withdrew the petition or acted to suspend the issuance of the summons cannot be determined upon this motion on the law.
In 1958, the Appellate Division, First Department, reversed a trial court’s dismissal of a paternity proceeding under similar circumstances. (Duerr v Wittman, 5 AD2d 326.) There the mother filed the written complaint a week before the child’s second birthday, April 4, 1956. The applicable statute (NY City Crim Cts Act, § 64) provided that upon the filing of the complaint the court shall issue a warrant or, in its discretion, it may issue a summons which shall be personally served.
The summons issued by the court could not be served. On May 25, 1956, some 58 days after the complaint was filed, a bench warrant was issued; thereupon defendant appeared voluntarily, denied the charges and moved to dismiss the complaint under the two-year limitation of time from the birth of the child. (NY City Crim Cts Act, § 64, subd 1.)
Defendant there argued that the proceeding was not commenced until the issuance of the warrant. The trial court dismissed the paternity complaint on that ground.
The appellate court examined the then controlling statutes (Domestic Relations Law, § 122, subds [1], [2]; NY City Crim Cts Act, § 64, subd 2, each now repealed) which provided that the filing of the complaint instituted the proceeding and noted *162 that when the mother filed the complaint she invoked the court machinery directly and could exercise no further control. That court reversed the dismissal order, holding that the form of the process, warrant or summons, was immaterial and that the mother’s act of filing the complaint effectively commences the action.
The Duerr court defined a paternity proceeding to be a creature sui generis for which special rules apply; that a paternity proceeding under the law then existing was not readily categorized as either a civil or a criminal action.
Under article 5 of the Family Court Act, the paternity proceeding is civil in nature under the "exclusive original jurisdiction” of the Family Court (Family Ct Act, § 511) without limiting the jurisdiction of the Supreme Court (Family Ct Act, § 114; Serralles v Viader, 3 Misc 2d 683). At common law there was no paternity proceeding; it is a statutory proceeding.
The Family Court Act specifically provides that paternity proceedings are commenced by the filing of a verified petition requesting the court to issue a summons or warrant. (Family Ct Act, § 523.) The court shall then cause a summons to be issued. (Family Ct Act, § 524.)
When the summons cannot be personally served, the court is authorized to use substituted service (Family Ct Act, § 525) or to issue a warrant (Family Ct Act, § 526) in discharging the responsibility to give notice to the respondent and to obtain jurisdiction over respondent. (Family Ct Act, §§ 524, 525.)
Under the CPLR reference to limitations of time to commence civil proceedings, a claim is asserted when the summons is served. (CPLR 203, subd [b], par 1.) However, the provisions of the CPLR only apply in the Family Court when the method of procedure is not prescribed in the Family Court Act. (Family Ct Act, § 165; Matter of Anonymous v Anonymous, 70 Misc 2d 584, 586.)
Section 517 of the Family Court Act is a special Statute of Limitations applicable to a unique proceeding as distinguished from a general Statute of Limitations (CPLR art 2). It limits the time for instituting paternity proceedings in four separate situations: (1) a proceeding by the mother within two years of the child’s birth (Matter of "Mendes” v "Pennyfeather”, 11 Misc 2d 546); (2) her proceeding after two-year limitation on the allegation that respondent has acknowledged paternity in writing or by furnishing support at any time either during or *163 after the two-year limitation (Matter of Dolores D. v Mario N.D., 69 Misc 2d 689); (3) a proceeding by a welfare official within 10 years of the child’s birth; and (4) a proceeding by an alleged father within 18 years of the child’s birth.
In any case where a petitioner files a legally sufficient petition, the court shall issue a summons or if appropriate a warrant. The bar of this Statute of Limitations may be raised upon a motion to dismiss the proceeding (CPLR 3211, subd [a], par 5) as well as pleaded by way of an affirmative defense. (Matter of Anonymous v Anonymous, 48 Misc 2d 949.)
However, the commencement of any paternity proceeding is sustained only if that filing of the petition is followed within a reasonable time by the court’s issuance of the summons or if appropriate a warrant. (59 ALR3d 685, 730.) The court loses jurisdiction by the lapse of an unreasonable time between filing and the issuance of its process. (Matter of Veronica P. v Larry L., 51 AD2d 574.)
Here the delay of 3 years and 75 days from the petitioner’s commencement of the proceeding until the court issued the summons was an unreasonable time as a matter of law.
This holding is consonant with that of Duerr v Wittman (5 AD2d 326, supra). Recall that the statute then authorized issuance of a warrant or, in the discretion of the court, a summons. There the delay of 58 days comprehending first the issuance of a summons and then the warrant was not an unreasonable time.
It is noted that section 524 of the Family Court simply requires that the summons or process be issued; it does not mandate that service of the summons be completed or the warrant executed. (CPLR 203, subd [b], par 5.)
District of Columbia appellate courts have held that delays of 34 and 40 days, respectively, between filing and the issuance of a summons were not unreasonable (District of Columbia v Howie, 230 A2d 715) and that a delay of one year was unreasonable. (Perry v District of Columbia, 212 A2d 339).
Determining a reasonable time for issuance of the summons returnable on a specified date must accommodate the case load, schedule and other business of the issuing court.
The burden of this holding falls upon the 3 year 75-day delay in issuance of the summons. It is true that the petition was timely filed by the mother and for whatever role she played in this delay, she should be afforded an opportunity if *164 such grounds exist to file a petition alleging acknowledgment by the respondent in writing or by furnishing support which would avoid the two-year limitation. (Matter of Howard v Robinson, 32 AD2d 837; Matter of Reed v Cotton, 85 Misc 2d 969; also see Matter of Mores v Feel, 73 Misc 2d 942.)
The petition is dismissed without prejudice to the filing of such a petition. Respondent’s other motions for discovery and dismissal now being moot are dismissed.