In the Matter of CATHERINE M. FOSTER, Appellant, v ROBERT F.

LUSHER, Respondent.—Order, Supreme Court, New York County, entered on May 12, 1977, affirmed, without costs and without disbursements, on the opinion of McDonald, J. Concur—Kupferman, J. P., Silverman and Fein, JJ.

Birns and Sandler, JJ., dissent in the following memorandum by Birns, J.: We would reverse, dismiss the defense of Statute of Limitations and direct a trial. The rule to be applied in this case is found in *Schuerf v Fowler* (2 AD2d 541): "We construe the law to require a clear acknowledgment about which there is no doubt or equivocation. That does not mean that the acknowledgment would have to be in any precise words, but it should be clear and definite on the face of the writing or in its context." The evidence submitted at the hearing on the issue of whether the proceeding was barred by the Statute of Limitations included a letter dated "16 February" (1967). That letter, written by respondent during petitioner's pregnancy with the child, Duncan, born August 24, 1967, for whom petitioner now seeks support, discusses the parties' personal relationship, other personal and family events, respondent's love and longing for petitioner, and refers to his three children by his marriage—Anne, Tess and Robbie (three girls or two girls and one boy). The letter contains the following: "I hope, darling, that you won't be disappointed if it [is] a girl. I seem to have a tendency to *beget* more of them than I do boys." (Emphasis added.) The dictionary (Webster's Third New International Dictionary of the English Language Unabridged, 1971) defines "beget" as "to procreate as the *father:* sire" (emphasis added). In fact, the Book of Genesis from the fall of Adam and Eve traces descendant after descendant in the past tense of "beget" so that there is no doubt of the parentage of any of the biblical persons mentioned. The word "beget" appears to have been carefully chosen by respondent. In the context of the letter, it is a clear and definite acknowledgment by respondent, about which there is no doubt or equivocation, that he was the natural father of the expected child. The acknowledgment of parentage here could hardly be more direct. In our opinion, in these circumstances, the Statute of Limitations is not a bar to the proceeding. The petitioner is entitled to a trial.