OPINION OF THE COURT
Elrich A. Eastman, J.
Petitioner, Antoinette K., seeks to establish the paternity of her infant daughter born out of wedlock on May 30, 1974, by a petition filed herein on September 7, 1979. Alleged therein at paragraph 5 is the following: "Respondent has acknowledged paternity of said child (in writing) and by furnishing support.”
Prior thereto, petitioner had instituted paternity proceedings on September 27, 1974 wherein she also alleged that the respondent had acknowledged paternity of this child by furnishing support. Moreover, the petition had alleged that the petitioner was receiving public assistance. Service of the petition was made by mail on October 11, 1974, on the respondent. Thereafter respondent appeared on November 1, 1974 and requested time to retain counsel, and the matter was adjourned to November 22, 1974 at which time petitioner was notified to be present. Neither party appeared on this adjourned date and the matter was adjourned to December 17, 1974, at which time both parties were notified to be present. On the adjourned date the petitioner appeared and respondent defaulted in appearing, whereupon a new summons was issued for his appearance and personal service requested. On the return date, January 31, 1975, only counsel for the Department of Social Services appeared. A subpoena was issued for the petitioner and a warrant for the respondent, execution of which was stayed until the adjourned date, March 7, 1975. On that date, neither party appeared and the court was advised that there was no record of the petitioner receiving public assistance. No action was taken thereon and the Department of Social Services was given the privilege to recalendar.
Respondent moves herein to dismiss the current petition on the ground that it is time barred by the Statute of Limitations. Petitioner, cross-moves, orally, to consolidate this petition with the prior proceeding instituted in September, 1974.
Subdivision (a) of section 517 of the Family Court Act states as follows: "Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse *1013 of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support”.
In the case of Matter of Green v Smith (65 Misc 2d 588), the court denied the application of the two-year Statute of Limitations where the petition alleged that support had been furnished by respondent. In so doing the court stated the following (p 590): "The petition in the instant case, while it was filed long after the two-year period of limitation, alleges that the respondent acknowledged paternity by furnishing support. If the petitioner here fails to meet her burden with respect to her allegation concerning support by respondent, her petition would be subject to dismissal.”
Here petitioner alleges that respondent furnished support for the child. Moreover, the petitioner further alleges acknowledgement of paternity in writing by the respondent in that he claimed the child as a dependent on his 1976 income tax return. In this court’s opinion both of these acts, if proven by the petitioner, are sufficient to take this proceeding outside of the two-year limitations period and to allow paternity proceedings to be brought after the expiration thereof, thus causing the statute to be tolled. This court does not view the statute as requiring the acknowledgement to be made within the two-year period. This argument was clearly rejected in the case of Matter of Dolores D. v Mario D. (69 Misc 2d 689) where it was held that the Legislature did not intend that written acknowledgement of paternity must be given within two years of birth. (See, also, Horn v Horton, 90 Misc 2d 159; Matter of Ethel B. v Charles W., 66 Misc 2d 337.) This is indeed logical since it is a basic principle of law that the Statute of Limitations serves to bar the remedy not the right. (Matter of Lydia L. v Vidal L., 95 Misc 2d 507.) Respondent’s contention that an admission of paternity serves merely to start the two-year limitations anew from the date of the admission is unsupported and absolutely without merit. As to the sufficiency of the written acknowledgement or support, these are factual issues properly decided after a hearing. (Matter of "Mendes” v "Pennyfeather11 Misc 2d 546; Matter of Wong v Beckford, 28 AD2d 137; Horn v Horton, supra.)
Additionally, the court finds that the two-year Statute of Limitations was tolled by the filing of the petition on September 27, 1974, thereby allowing this petition to be instituted. Paternity proceedings are designed to protect the welfare of a *1014 child and the statute should be liberally construed. (Matter of John S. v Theresa L., 99 Misc 2d 578; Matter of Linnie B. v Lonnie H., 65 Misc 2d 754.)
The record of the September 27, 1974 proceeding indicates that no action was taken except that the Commissioner of Social Services was allowed to recalendar the matter upon new information. This does not in this court’s opinion constitute a dismissal with prejudice against the petitioner. Sidney B. Schatkin in his book "Disputed Paternity Proceedings” (vol 1 [4th rev], § 13.06) stated as follows: "In the author’s judgment, the proceeding having been commenced within the statutory period, and having been dismissed without prejudice, she may file a new petition, after the lapse of the statutory period, for even though more than two years have elapsed, the respondent had been alerted by the filing of the first petition, which effectively tolled the statute of limitations.”
In Duerr v Wittmann (5 AD2d 326, 330-331) the court observed: "It is the complainant’s act of filing the complaint which effectively commences the action, so that where, as here, the mother has filed her complaint before her child’s second birthday, she must be deemed to have 'brought her action’ within the required two-year period.” Again, in Matter of Ethel B. v Charles W. (66 Misc 2d 337, supra), the Family Court, Dutchess County, held that where the withdrawal is without prejudice the Statute of Limitations is tolled, thereby permitting the filing of a subsequent petition more than two years after the birth of the child. (Cf. Matter of Mary W. v O’Neil B., 87 Misc 2d 531.) The fact that the putative father in the case of Matter of Ethel B. v Charles W. actively induced the petitioner to withdraw her petition does not make the rationale of the case inapplicable here, since this petitioner states that respondent urged her not to go to trial on the prior proceeding on his promise to subsequently acknowledge paternity at the time of the child’s registration for school.
Respondent’s contention that the six-month limitation contained in CPLR 205 (subd [a]) to reinstate an action dismissed for failure to prosecute, bars this action by reason of her failure to prosecute the 1974 action is untenable here. Paternity proceedings are special statutory proceedings "governed by their own rules, separate and distinct from those generally applicable to civil and criminal actions.” (Duerr v Wittmann, supra; cf. Matter of Tilson v Bark, 52 Misc 2d 338, 340.) Indeed "[s]ection 517 of the Family Court Act is a special *1015 Statute of Limitations applicable to a unique proceeding as distinguished from a general Statute of Limitations (CPLR art 2).” (Horn v Horton, 90 Misc 2d 159, 162, supra.)* Thus, since section 517 contains its own Statute of Limitations and tolling provisions, no other applies. (Cf. Family Ct Act, § 165.)
Accordingly, the motion to consolidate the present proceedings with the proceeding commenced on September 27, 1974 is granted. The motion to dismiss is denied. The matter is set down for trial in Part V on May 1, 1980.

 In Matter of Anonymous v Anonymous (70 Misc 2d 584) the court held the tolling provision for infancy pursuant to the CPLR not applicable to the Statute of Limitations in paternity proceedings. Subdivision (a) of section 517 of the Family Court Act has since been amended to extend the two-year Statute of Limitations wherever the mother is under the age of 18 "until two years after the mother reaches the age of eighteen”.