OPINION OF THE COURT
Bruce M. Kaplan, J.
Petitioner Lorraine M. by petition dated September 11, 1979 alleged that respondent Linwood S. was the father of her child, Nahdia M. born August 29, 1972, and further claimed that respondent had acknowledged paternity in writing and by furnishing support.
Respondent moved to dismiss on the ground that the petition is time barred since it neither was brought within two years after the child’s birth nor had respondent acknowledged paternity in writing, or by furnishing support. Respondent further contended that even if the two-year period were inapplicable, the action was still not brought timely since the action would be governed by the six-year limitation prescribed by CPLR 213 (subd 1), and this period has already run.
The resourceful arguments posed by respondent have caused me to carefully scrutinize the effect of an acknowledgement of paternity on the two-year Statute of Limitations.
The court has concluded that an acknowledgement works an equitable estoppel against respondent rather than tolling the Statute of Limitations, and that the rea *367 sons that prompted this conclusion will be of interest to the Bench and Bar.
After conducting a preliminary hearing on acknowledgement at which testimony was taken and evidence introduced, the court finds that the numerous cards addressed to the child from respondent, and signed “Daddy” constitute acknowledgement of paternity in writing. The cards were sent regularly if not frequently over a period of five years from 1974 until 1979. Respondent’s protestations of the nuances of the term “Daddy” in the black community utterly fail to persuade the court to give that term a different meaning than its normal one. In addition, respondent furnished support by paying for Nahdia’s ballet lessons on occasion and $1,410 for her summer camp in 1979. (Matter of Mary W. v William James R., 59 AD2d 719; Matter of Theresa J. v Troy M., 89 Misc 2d 909.)
Since respondent acknowledged paternity in writing, and furnished support, petitioner was not required to commence a proceeding within two years of the child’s birth.
Subdivision (a) of section 517 of the Family Court Act provides: “Proceedings to establish the paternity of the child *** shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support”.
Since subdivision (a) of section 517 of the Family Court Act specifically prescribes a limitation, respondent’s point that CPLR 213 (subd 1) should control lacks of validity since the six-year limitation contained therein is applicable only to “an action for which no limitation is specifically prescribed by law”.
It is unwarranted to equate the provision in section 517 of the Family Court Act for the occurrence of events which eliminate the need to comply with the two-year Statute of Limitations to a lack of “a limitation specifically prescribed by law” which would trigger the operation of CPLR 213 (subd 1).
Respondent’s position fails to take cognizance of the status of section 517 of the Family Court Act as a special Statute of Limitations (Horn v Horton, 90 Misc 2d 159).
*368 If respondent’s position were correct, it would effectively mean that even if a respondent furnished support, or made written acknowledgement more than six years after the child’s birth, a petitioner would be barred from maintaining a proceeding.
This position is contrary to both decisional law, and scholarly opinion.
In Matter of Dolores D. v Mario N.D. (69 Misc 2d 689), Judge Rigler rejected respondent’s argument that a proceeding was not timely brought where his first written acknowledgement occurred approximately four years after the child’s birth. The court held that nothing in the statute requires that acknowledgement be made within two years, and that once made, it tolls the Statute of Limitations.
This ruling has been cited with approval in Matter of Lydia L. v Vidal L. (95 Misc 2d 507) and Matter of Antoinette K. v Kenneth L. (103 Misc 2d 1011).
In addition, this view finds support in the leading treatise on paternity trials: “On the other hand, evidence of an acknowledgement of paternity either in writing or by furnishing support enables any one of the parties * * * to start the proceeding at any time up to the child’s sixteenth birthday * * * There is a clear legislative intent to prescribe a two-year period of limitation for paternity cases except where there is evidence of an acknowledgment, in which case the period of limitation is removed.” (1 Schatkin, Disputed Paternity Proceedings [4th ed rev], § 13.01.)
The formulation “tolling the Statute of Limitations” has been employed by this court in Matter of Lydia L. v Vidal L. (supra), as well as by other courts to indicate the legal consequences that flow from a putative father’s acknowledgement of paternity in writing or by furnishing support.
Upon reflection this court has concluded that it is inappropriate to employ this term because careful analysis reveals that something conceptually distinguishable from tolling the statute occurs.
The purpose of a Statute of Limitations is to ensure that litigation be brought at a time when memory is fresh and 'before matters of proof became stale. (Matter of Lydia L. v *369 Vidal L., supra; Matter of Mendes v Pennyfeather, 11 Misc 2d 548.)
However, where it is proved that a putative father has clearly and unequivocally made written acknowledgement of paternity or furnished support (Catherine M.F. v Robert F.L., Supreme Ct, NY County, May 12, 1977, affd sub nom. Foster v Lusher, 66 AD2d 747; Matter of Wong v Beckford, 28 AD2d 137; Schuerf v Fowler, 2 AD2d 541), the policy considerations for imposing a Statute of Limitations are no longer operative.
It is the respondent’s own clear and unequivocal actions that have rendered the two-year Statute of Limitations inapplicable, and the statute precludes him from asserting it.
Analytically, what has occurred as a consequence of respondent’s acknowledgement would appear to be the creation of an equitable estoppel, or an estoppel in pais. This term has been defined as: “a situation where, because of something he had done or omitted to do, a party is denied the right to plead or prove an otherwise important fact”. (Ballantine’s Law Dictionary [3d ed].) “[A] person may be precluded by his act or conduct or silence *** from asserting a right which he otherwise would have had.” (Black’s Law Dictionary [4th ed rev].)
However, in New York equitable estoppel is more limited and requires a showing of reliance by another person causing that person to act in a particular manner. (Simcuski v Saeli, 44 NY2d 442; 21 NY Jur, Estoppel, § 15; 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.13.)
It is suggested that in the overwhelming number of paternity proceedings in which acknowledgements were made the element of reliance could be established.
It is rare that proof of reliance is offered for the simple reason that there is no requirement under subdivision (a) of section 517 of the Family Court Act to plead or prove reliance on the acknowledgement in order to foreclose respondent’s use of the two-year limitation. Such reliance may be readily inferred since it is entirely likely that a petitioner might forbear to bring a paternity proceeding in reliance on respondent’s clear and unequivocal acknowl *370 edgement. Petitioner made that claim in the instant proceeding, and such a contention is regularly advanced. (See Catherine M.F. v Robert F.L., supra; Matter of Ethel B. v Charles W., 66 Misc 2d 337; 1 Schatkin, Disputed Paternity Proceedings [4th ed rev], § 13.06.)
Equitable estoppel is a common-law doctrine that evolved in the absence of a statute such as subdivision (a) of section 517 of the Family Court Act which excuses compliance with a particular Statute of Limitations. The operation of subdivision (a) of section 517 of the Family Court Act produces the same functional effect as prohibiting respondent from asserting the bar.
Under these circumstances an acknowledgement of paternity should be classified as an equitable estoppel even though the necessary element of reliance is one supplied by inference.
There is yet another reason why acknowledgement should be viewed as raising an equitable estoppel. Where the Statute of Limitations is raised as an affirmative defense, the trier of fact must consider the doctrine of equitable estoppel, and apply it where the representation or conduct of the defendant misled the plaintiff even if done innocently. (Dupuis v Van Natten, 61 AD2d 293.)
The concept of tolling the Statute of Limitations is a distinctly different one from the concept of being estopped from claiming its protection.
The Statute of Limitations is tolled by the existence of statutorily prescribed events or circumstances which remove from consideration in computing the date by which an action must be commenced, the period of time while they remain extant, or for a specific period of time after they come into being.
This discussion utilizes the phrase “tolling the Statute of Limitations” because prior cases have made reference to it (Matter of Dolores D. v Mario N.D., 69 Misc 2d 689, supra; Matter of Ethel B. v Charles W., 66 Misc 2d 337, supra), as do scholarly articles (Ann., 85 ALR3d 162, and annotations cited therein).
The phrase does occur in New York statutes and commentary but more frequently they refer to extension of the *371 Statute of Limitations (1 Weinstein-Korn-Miller, NY Civ Prac, par 208.01) or suspension (1 Weinstein-Korn-Miller, NY Civ Prac, par 209.01; 36 NY Jur, Limitations and Laches, § 90). Whatever the label, they all serve to describe the period which may be excluded when calculating the time in which a cause of action must be commenced.
At the heart of tolling provisions is the precept that while a petitioner is under a disability such as infancy or insanity (CPLR 208) or denied access to the courts because of war (CPLR 209) he should not be required to bring an action while so burdened, or have that period of time count as part of the period in which an action must be brought.
The purpose of tolling Statutes of Limitation is to allow claims to be brought long after the applicable limitation has run where a plaintiff was under a disability. (Matter of Commissioner of Welfare of City of N. Y. v Jones, 73 Misc 2d 1014.)
This distinction is graphically demonstrated within the confines of subdivision (a) of section 517 of the Family Court Act itself.
Until recently a mother had to bring suit within two years of the child’s birth irrespective of her own age when the child was born. (Matter of Howard v Robinson, 32 AD2d 837.) This gave rise to inequitable results which were rectified by the passage of chapter 452 of the Laws of 1979. This law added to subdivision (a) of section 517 of the Family Court Act the following language “or unless the mother is under the age of eighteen years, in which case the time limitation is extended until two years after the mother reaches the age of eighteen years.”
This is classic tolling language (compare CPLR 207-209). It is juxtapose with the other language of that subdivision, and sharply contrasts with it, again underscoring the fact that acknowledgement bars a putative father from asserting the Statute of Limitations, it does not merely toll it.
Respondent’s well-written and well-researched memoranda makes reference to the difficulties caused by a lengthy Statute of Limitations. It is not apposite in the instant situation since the cases cited deal with situations *372 where a man must respond to a suit brought by the Commissioner of Social Services years after the event even though there has been no acknowledgement of paternity on his part let alone a clear and unequivocal one.
The conclusion that acknowledgement works an equitable estoppel necessarily poses the question of when the proceeding must be commenced to be considered timely.
It is suggested that the answer lies in Simcuski v Saeli (44 NY2d 442, supra), which teaches that a petitioner should exercise due diligence and bear the burden of proving that an action was brought within a reasonable time after facts giving rise to the estoppel have ceased to be operational.
This approach has the virtue of providing an additional standard with which to weigh respondent’s claims of prejudice and difficulty in defending a case long after the salient events have transpired.
In the instant case respondent’s own exhibits submitted in support of his motion to dismiss clearly indicate that several months before the petition was filed respondent reacknowledged paternity both in writing and by furnishing support. There is no question that under the Simcuski v Saeli (supra) test, the matter is timely brought.
The matter is set down for plenary hearing in Part 5 on April 28, 1981.