PENNY G. BARNETT, Plaintiff-Appellee, *v.* WILLIAM JOSEPH CLARK, Defendant-Appellant.

Fifth District   No. 82—314

Opinion filed April 14, 1983.

Charles H. Stegmeyer, of Storment, Stegmeyer and Read, of Belleville, for appellant.

David R. Smith, of Nehrt, Sachtleben and Fisher, of Chester, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This interlocutory appeal by permission is taken from an order of the circuit court of Randolph County denying defendant's motion to dismiss the plaintiff's paternity action against him. (87 Ill. 2d R. 308.) The question of law identified by the trial court for our resolution,

and described as one of first impression in Illinois, is whether the two-year limitation contained in section 4 of the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1354) is tolled during the minority of the mother of the illegitimate child. We agree with the trial court that it is.

In its order denying defendant's motion to dismiss, the court found that the plaintiff gave birth to a child on July 9, 1978. She reached the age of majority on May 25, 1980, and instituted her paternity action on December 10, 1981, more than two years after the birth of the child. Section 4 of the Paternity Act provides that "[n]o such action may be brought after the expiration of 2 years from the birth of the child." The defendant urges this court to apply this language literally and hold that all actions brought more than two years after an illegitimate child is born are untimely.

Our supreme court has recently addressed a similar issue in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112. There, it was held that the one-year limitation period contained in the Dramshop Act (Ill. Rev. Stat. 1981, ch. 43, par. 135) was not tolled during a plaintiff's minority. The court explained that the limitation period contained in the Act, unlike a general statute of limitations, functioned "as a limitation of the liability itself and not the remedy alone." (92 Ill. 2d 1, 6, 440 N.E.2d 112, 115.) Such a provision is normally to be strictly construed. (*Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.) The supreme court found no indication that the General Assembly intended to relax this restriction for minors, at least in part because the Act had not been amended to change an earlier holding that the one-year limitation applied to minor plaintiffs. *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147, *cert. denied* (1961), 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029.

It could be argued that the result reached in *Demchuk* should obtain here as well. Like the Dramshop Act, the Paternity Act creates a statutory cause of action, and the limitation in the Paternity Act has been held to be a condition of the right to bring a paternity action rather than simply a limitation upon such an action. (*Cessna v. Montgomery; People ex rel. Margetich v. McCarroll* (1981), 97 Ill. App. 3d 502, 423 N.E.2d 266; *People ex rel. Getz v. Lang* (1978), 61 Ill. App. 3d 933, 378 N.E.2d 398.) Moreover, the Paternity Act does not contain a provision which tolls the limitations period during a plaintiff's minority. Compare Ill. Rev. Stat. 1981, ch. 70, par. 2 (wrongful death).

However, whether a limitations period contained within a statute which creates a cause of action is tolled during the minority of

a potential plaintiff requires examination of the legislative intent (*Demchuk v. Duplancich; Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784) in addition to relevant policy considerations. (*Serafini v. Chicago Transit Authority* (1979), 74 Ill. App. 3d 738, 393 N.E.2d 1120.) In our opinion, the policies which support the Paternity Act indicate that the two-year limitation should be tolled during the minority of the mother of the illegitimate child.

██ ██ Under section 4 of the Paternity Act, the right to bring an action is vested in the mother of the illegitimate child (*Cessna v. Montgomery; People ex rel. Cullison v. Dile* (1931), 347 Ill. 23, 179 N.E. 93), although if the child is receiving Public Aid, or if the mother is receiving Public Aid and declines to file a complaint, the Department of Public Aid may bring an action in the name of the child. According to that provision, an action may be instituted "only on the filing of a complaint in writing" by one of those parties. While this language should not be read as supplanting the broad powers of the court to appoint a next friend to pursue an action on behalf of a minor (*Clarke v. Chicago Title & Trust Co.* (1946), 393 Ill. 419, 66 N.E.2d 378), the fact remains that it is the mother upon whom the responsibility to decide to take action initially falls. As a practical matter, failing to toll the two-year limitation period during the minority of the mother of the illegitimate child would place the burden of taking action upon an infant, who is without the power to contract for legal services. It does not seem an exaggeration to say that a mother not in the custody of parents or other guardians or not receiving Public Aid would be without an effective remedy during the period of her minority, and if the child were born to a mother younger than 16 years the mother's failure to act while she is still an infant would forever deprive her of recourse against the father of the child. This is not the sort of decision-making responsibility which a minor is competent to appreciate (see *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 120 N.E. 476), and we decline to place such a responsibility upon the plaintiff, especially where the interests which could be foreclosed are not only hers but are also those of the illegitimate child and the State with a possible future duty to provide for the child's support.

We recognize that other jurisdictions which have considered the precise question presented here have reached contrary results. But, those decisions are readily distinguishable under the language of the relevant paternity statutes. For example, the statute under which the bastardy action in *State ex rel. Ulen v. Pavey* (1882), 82 Ind. 543, was brought specified that the plaintiff was properly the State, and not

the mother. Thus, unlike in an action under our Paternity Act, the plaintiff could not be said to have been under any disability.

The New York courts, under a statute requiring a paternity action to be brought within two years of the birth of the child (N.Y. Fam. Ct. Act sec. 517(a) (McKinney)), held that that period was not tolled during the minority of the mother. (*Matter of Anonymous v. Anonymous* (1965), 48 Misc. 2d 949, 266 N.Y.S.2d 505; *Matter of Howard v. Robinson* (1969), 32 App. Div. 2d 837, 302 N.Y.S.2d 347; contra, *Matter of Roe v. Doe* (1968), 56 Misc. 2d 59, 287 N.Y.S.2d 292.) However, the New York Family Court Act unequivocally states that a paternity action "may be commenced by the mother, *whether a minor or not*" (emphasis added) (N.Y. Fam. Ct. Act sec. 522 (McKinney)), and therefore, the legislature, in enacting the two-year limitation, must have known that that period would apply to minors as well, unlike the General Assembly in outlining the limitations in our Paternity Act. It might be added that the result reached in these New York decisions, which has been described as inequitable (*Matter of Lorraine M. v. Linwood M.S.* (1981), 108 Misc. 2d 366, 437 N.Y.S.2d 580), is no longer the law, due to the addition of language to the Family Court Act allowing a minor to bring a paternity action within two years of her eighteenth birthday. N.Y. Fam. Ct. Act sec. 517(a) (McKinney).

■■ ■ Finding, then, no plain indications in the Paternity Act that the General Assembly intended the two-year limitation to apply to infant mothers of illegitimate children, and finding strong policy considerations against so applying that limitation, we hold that a mother has two years from the birth of the child, or from her attaining majority, whichever date is later, to bring a paternity action. (*Serafini v. Chicago Transit Authority.*) Under this standard, the plaintiff's complaint was timely, as the trial court held. The decision of the circuit court of Randolph County is accordingly affirmed, and this cause is remanded for further proceedings on the complaint.

Affirmed and remanded.

HARRISON, P.J., and KASSERMAN, J., concur.